# WHEELING.

## UNDERWOOD'S EX'R *v.* PACK *et al.*

Submitted January 23, 1884—Decided March 29, 1884.

1. A purchaser at a judicial sale is not protected by section 8 of chapter 132 of the Code, when the record of the suit shows, that necessary parties, interested in the property sold, having liens thereon, were not before the court, when said sale was ordered and confirmed. (p. 708.)

The opinion of the Court contains a statement of the facts of the case.

*J. W. McCreery* for appellants.

*S. A. Miller* and *J. M. French* for appellees.

JOHNSON, PRESIDENT:

In 1878, J. B. Underwood filed his bill in the county court of Raleigh county against Augustus Pack, to subject his real estate to the payment of a judgment-lien for one hundred and twelve dollars and thirty-one cents with interest and costs, and in his bill alleged that a number of others, naming them, had also recovered judgments against said Pack. The record shows, that Pack alone was made defendant to the bill, and no creditors were either formally or informally made defendants. On the 13th day of May, 1879, the cause having been matured for hearing as to the only defendant, was referred to a commissioner, to ascertain the real estate of said Pack in the counties of Raleigh and Fayette, and to report the same and the amount of the the liens thereon and their priorities; and before he did this he was directed " to give the plaintiff and defendant or their attorneys twenty days' notice thereof." The notice was accepted for plaintiff and served on Pack. The commissioner made the enquiries required and reported some ten liens and their priorities, the said liens amounting at that time to one thousand and ninety-nine dollars and seventy-three cents, most of said judgments having been rendered in the county court of Raleigh county. He reported, that Pack owned in the county of Raleigh one tract of one hundred and three acres of land, another of seventy acres, another of fifty acres; one thousand six hundred and sixty-three acres and three thousand one hundred and thirty-five acres in Fayette county, and a store-house and lot in Fayetteville. To the report Pack, by counsel, excepted.

On the 10th day of December, 1879, the court entered a decree against said Pack for the amount of plaintiff's lien, and a personal decree against him in favor of each of the other reported lienors for their respective liens, and ordered

a sale of sufficient of said lands to pay the same. The decree directed the commissioners to sell the lands described in the report as "lying in Raleigh county" and "the store-house and lot of land lying in Fayetteville." The commissioners in their report of sale show, that they sold the tract of seventy acres to James T. McCreery for one hundred dollars, and the tract of one hundred and three acres to Dupu L. May-nor for one hundred and seventy-five dollars; the store-house and lot in Fayetteville to A. F. Gow for four hundred and fifteen dollars, and four thousand seven hundred and ninety-eight acres, not mentioned in the decree of sale, one portion thereof to James T. McCreery for three hundred dollars and the residue to said McCreery and Azel Ford for four hundred dollars, the whole purchase-money amounting to one thousand three hundred and ninety dollars.

To the report of sale there was no exception; and on May 12, 1880, by a decree of the said county court, the said sales were confirmed.

On the 30th day of March, 1881, the death of the plaintiff was suggested in the circuit court, and the cause revived in the name of J. W. McCreery his executor. After the adoption of the constitutional amendment of 1880, the cause by operation of law was transferred to the circuit court.

On the 1st day of July, 1881, Augustus Pack filed his petition for a re-hearing of said decrees and for the setting aside of said sales, relying particularly on the fact, that necessary parties were not before the court. J. B. Underwood's executor answered said petition. The cause was heard on petition, answer, depositions, &c., on April 27, 1882; and "the court being of opinion that at the time of the rendition of the decree of sale by the county court of Raleigh county of the lands in the bill and proceedings mentioned the only parties before the court, and of which it had jurisdiction, were Underwood the plaintiff and the defendant Augustus Pack; and that the other parties, in whose favor decree was rendered, were not before the court by process, notice, appearance or otherwise, and were not parties either formally or informally, a decree therefore in their favor, was not only irregular but void, and the commissioner in making sale under said decree should only have sold so much of the lands

as would have satisfied the judgment of Underwood, interest and costs and costs of suit; and that the county court should have confirmed the sale of the tract of the one hundred and three acres (it being admitted here in open court by all the parties that the said tract of one hundred and three acres was first sold by the commissioner) and which is shown to have brought one hundred and seventy-five dollars, a sum sufficient to pay Underwood's judgment, interest and costs and the costs of the suit. This court will therefore not disturb the sale of the one hundred and three acre tract." But the court set aside all the other sales and by its decree provided for placing the purchasers *in statu quo*. No one in this Court complained of the decree, so far as it let the sale of the tract of one hundred and three acres stand. From the decree, two of the purchasers, Jas. F. McCreery and A. F. Gow, appealed.

These appellants rely solely for their protection on section 8 of chapter 132 of the Code. That section is:

"If a sale of property be made under a decree or order of a court, and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled."

In *Estill* v. *McClintick*, 11 W. Va. 399, we held, that, if without previous authority a commissioner sells a particular tract of land, and the sale is confirmed without exception, the court should permit any party interested to file his petition for a re-hearing of the decree confirming the sale; and after the purchaser has been summoned to answer the petition, and it has been heard upon its merits, the court should set aside such decree and sale or refuse to do so, as on its merits justice to the parties requires." At page 423 Judge Green for the Court said: "But of course the purchaser at sales so made cannot have his purchase protected against further disturbance after confirmation, by the provisions of section 8 of chapter 132 of the Code of West Virginia, as that is confined to sales made under a previous order of the court." This is sufficient to justify the court in setting aside the sale of the four thousand seven hundred and ninety-eight acres, as the evidence clearly showed, that justice required that it should be set aside.

This Court held in *Neely* v. *Jones*, 16 W. Va. 625, that a creditor, who brings his suit against a debtor to enforce against his lands a judgment-lien, should sue on behalf of himself and all other judgment-creditors excepting those made defendants; and he should make formally defendants in the suit all creditors who have obtained judgments in the courts of record in the county or counties, in which the debtor owns lands sought to be subjected to the payment of the judgments, also creditors who have obtained judgments in courts of record or before justices in any part of the State, and have had them docketed on the judgment-lien docket of said county or counties. But if all the judgment-creditors are made parties to the suit informally by being called by publication before a commissioner under a decree of the court to present their judgments, then this Court would not reverse a decree ordering a sale of the lands of the debtor, or the distributing the proceeds of such sale, merely because the record disclosed, that some of the judgment-creditors had not been made formal defendants, who ought to have been so made, unless it appears that objection was made to the rendering of such decree on this account in the court below, before such decree was entered.

This Court held in *Capehart* v. *Dowery*, 10 W. Va. 130, that where a sale of property is made under an order of sale in an attachment suit, in a case where *the parties interested in the property are before the court* and the sale is confirmed, and the order of sale, the sale itself and the order confirming the sale are free from fraud, under section 8 of chapter 132 of the Code the title of the purchaser at such sale is not affected by the reversal or setting aside of the order, under which the sale is made. In speaking of this subject in the opinion, page 142, the Court said: "Of course it must be understood that such sale is in a case where the parties interested in the property are before the court, and the decree of sale, the sale itself and the confirmation of the sale are free from fraud."

There is no doubt that a purchaser could get no title and would not be protected by said section 8, if the owner of the property was not before the court. It is also clear, that the purchaser would not be protected under said section if

parties, who, the record of the suit shows, were necessary, being interested in such property by having liens thereon were not before the court. If the persons whom it was necessary to make formal defendants to the suit, were not parties either formally or informally, and were not before the court the purchaser would not be protected in his purchase under said section 8 of chapter 132.

This is no hardship on the purchaser; for by examining the records of the suit he can ascertain whether necessary parties are plaintiffs or defendants to such suit. Neither is it any hardship upon the creditor; for he is in law and duty bound, before he can subject the land of his debtor to the payment of his debt, to make those interested in the land parties to the suit.

In the suit before us, although the record shows a number of judgment-lienors, who were necessary formal parties to the suit, yet none of them was made a party either formally or informally. The decree of the court, so far as it set aside the sales and provided for putting the parties *in statu quo*, is affirmed with costs, but we see no reason why the sale of the one hundred and three acres should stand. The same reasons, that apply to the other sales, apply to this. Underwood had no right, as the record shows, to sell a foot of land until he had the proper parties interested in it before the court. So much of said decree, as refused to set aside the sale of the one hundred and three acres, is reversed without costs, and said sale is set aside, and the cause remanded with instructions to put the purchaser of said one hundred and three acres *in statu quo*, and for further proceedings.

AFFIRMED IN PART. REMANDED.