# CHARLESTON.

### KNOTTS *et al. v.* McGREGOR.

### Submitted February 5, 1900—Decided March 24, 1900.

1. EXECUTOR—*Action—Testator.*

   An action can be maintained against an executor for breech of covenant of a lease committed by his testator. (pp. 569-570).

2. OIL-LEASE—*Covenant.*

   In a lease for oil and gas there is an implied covenant of right of entry and quiet enjoyment for the purposes of the lease. (p 571).

3. DOUBLE-LEASE—*Covenant.*

   The covenant of quiet enjoyment in a lease for oil or gas, or other purposes, is not broken by the mere fact, alone, that the lessor makes another lease during the term, of the same premises, whether the first lessee be in actual posession or not; the second lessee not entering. (p. 571).

4. COVENANT BROKEN—*Possession.*

   The covenant for quiet enjoyment implied in a lease for oil is broken by the exclusion by the lessor of the lessee from taking possession for the purposes of the lease, or his withholding from him the possession of the land for the purposes of the lease. (p. 572).

5. MISJOINDER—*Actions—Decedent—Fiduciary.*

   A cause of action against a decedent's estate cannot be joined in the same action with a cause of action against the personal representative ability. (p. 573).

6. MISJOINDER—*Demurrer.*

   A misjoinder of causes of action in a declaration is fatal on demurrer, dismissing the action, unless the plaintiff, as he may, amends by striking out one or more counts, or, if two cause of action or two assignments of breaches of contract are in the same count, by electing to proceed only on certain causes of action of assignment. (p. 574).

Error to Circuit Court, Ritchie County.

Action by Knotts & Garber against Matilda McGregor. Judgment for defendant, and plaintiffs brings error.

*Affirmed.*

V. B Archer, for plaintiffs in error.

B. F. Ayers and W. McG. Hall, for defendant in error

BRANNON, JUDGE:

A. W. Knotts and J. Garber brought an action of covenant against Matilda McGregor. executrix of the will of David McGregor, deceased, in the circuit court of Ritchie County, which action was dismissed upon a demurrer to the declaration, and the plaintiffs have brought the case to this Court. The declaration avers:　That David Mc-Gregor made a lease, August 30, 1889, to Knotts & Garber, of certain land, for the purpose and with the exclusive right of operating for the development of petroleum oil and gas for the term of five years; said lessees covenanting to pay McGregor an eighth of the oil produced, and two hundred dollars per annum, for each productive gas well, and that said lessees should complete a well within one year from the date of the lease, and a failure to do so should render the lease null and void.　But it was further covenanted that, if the lessees should pay McGregor a rental of twenty-five cents per acre from the time specified for the completion of the well, such payment should operate to extend the time for five years, and that said rental should be deposited to McGregor's credit in the Second National Bank of Parkersburg.　That said lease provided that all the conditions thereof should extend to the heirs, executors, and administrators of the parties.　The declaration further avers that the plaintiffs had well and truly kept and performed their part of the said lease; that on August 30. 1890, they tendered McGregor one hundred and twenty-five dollars for the rental provided in said lease, but he refused to accept the same, and that on August 29, 1891, the plaintiffs deposited the same to McGregor's credit in said bank, and that McGregor had accepted such deposit and used part of it in his lifetime, and his executrix had accepted and used the residue thereof; that, the plaintiffs having kept their covenants, the said McGregor did not in his lifetime keep his, and the plaintiffs did not during the term of said lease have and enjoy the exclusive right to drill and operate for oil and gas on the premises demised; that after the making of said lease, and during the term therein

granted, David McGregor executed another lease, February 13, 1890, to A. L. Gracey, for the same land, with the exclusive right to operate for oil and gas thereon for the term of twenty years from the date of said lease,—requiring said Gracey to complete a well within nine months, or forfeit the lease, with right, however, to keep the lease alive by the payment of twenty-five dollars per month rental. The declaration further avers that David McGregor died during the term so demised to the plaintiffs, and that Matilda McGregor was appointed by his will its executrix, and qualified as such. The declaration further avers that, before the expiration of the one year specified in said lease in which said plaintiffs were entitled to enter upon the leased premises to operate for oil, McGregor did prevent and exclude them from their right so to enter upon said premises, and continued so to exclude them up to his death, September 7, 1891, and prevented them from entering upon said premises for the purposes of putting down the test well or developing said premises for oil within the first year mentioned in said lease, and also within the five year period therein mentioned, and that the plaintiffs were kept and held out of the exclusive enjoyment of the right to operate upon said premises for oil from the 30th of August, 1889, until the death of said McGregor, and thereby the plaintiffs lost the benefit of the demised premises, and gains and profits which they would have made from said lease, and the value of said lease, and had thus been damaged one hundred and fifty thousand dollars. The declaration contained a second count, stating over again the same lease from David McGregor to the plaintiffs, and the subsequent lease by him to Gracey, and alleging the denial to the plaintiffs of the benefit of their said lease, and their exclusion from the premises by McGregor in his lifetime, in like manner as stated in the first count. This second count further averred that after the death of David McGregor his said executrix entered into and held said land as such executrix, and that on February 10, 1895, she executed to James Gartland a lease for the purpose of the production of oil and gas for the period of five years, covering one hundred and twenty-five acres of the same land which had been leased by David McGregor

to the plaintiffs, that the said Matilda McGregor, executrix, did cause said Gartland to enter and take possession of said one hundred and twenty-five acres, and that he did by virtue of his lease enter into said premises, and exclude the plaintiffs from the said one hundred and twenty-five acres, within the period of their lease; and that said executrix did cause and permit Gartland to operate for oil on said land, and to put down a well thereon, and thereby did exclude the plaintiffs from the possession of said premises, and thus did disturb and molest the plaintiffs, and deprive them of the benefit, enjoyment, and profits of their said lease.

It is contended that no action at law lies for a breach of the covenant of the plaintiffs' lease by David McGregor, in his lifetime, against his personal representative. For this position we are referred to Code chapter 86, section 6, providing that an heir or devisee may be sued in equity by any creditor to whom a debt is due, for which the estate descended or devised is liable, or for which the heir or devisee is liable in respect to such estate, and he shall not be liable to an action at law therefor. We are also cited for the proposition to *Rex* v. *Creel*, 22 W. Va. 373. That statute has no bearing on this case. It does not bear on the liability of the personal estate. Formerly the land of a decedent, in the hands of his heirs, was liable only for debts of record, and bonds or other instruments under seal, expressly binding the heirs. For such debts the heir could be sued at law, and the debt levied out of land descended to him. Such a debt bound the land, but the land was not bound for any other debts at law, though it was in equity. The specialty creditor getting a judgment against the heir had preference over other creditors. The legislature thought it unjust that a dead man's land should be liable only for part of his debts, and concluded to make it liable for all his debts, whether by bond or otherwise. This statute is found in Code, chapter 86, section 3. Having thus made the decedent's real estate liable for all his debts and demands, it was thought best to prohibit different and multitudinous suits at law against the different heirs, entailing large costs, and to compel the creditors to resort only to equity, where the land assets could be adminis-

tered for the benefit of all creditors, and the debts mar-
shaled, and all paid, according to the principle on which
courts of equity, before that statute, marshaled equitable
assets. It is apparent that the legislature did not intend
to abolish the long-standing remedy of a creditor to sue a
personal representative to have his demand satisfied out of
the personal assets. Section 19 of chapter 85 of the Code
expressly provides that "a personal representative may
sue or be sued upon any judgment for or against, or any
contract of, or with his decedent." This section only de-
clares what the law was before it, and surely meets and
defeats the contention that section 6 of chapter 86 does not
allow a suit against the personal representative. 2 Lomax,
Dig. p. 116, § 13. Of course, as we see daily, actions at
law can be brought against personal representatives on
bonds and notes of the decedent under section 19, chapter
85; but actions at law could not now be brought on a bond
against the heir, as· formerly, because section 6, chapter
86, would prohibit it. If it be thought that an action for
breach of covenant contained in a deed of lease for years
or in fee simple cannot be maintained against a personal
representative, the position cannot be maintained. It is a
contract, under the wide language of section 19, chapter
85. "An action of covenant respecting real estate will lie
against executors, though not expressly bound." *Harri-
son* v. *Sampson*, 2 Wash. (Va). 155. A covenant of war-
ranty of title is a personal covenant, upon which an action
of covenant lies on eviction against the personal represent-
ative. *Tabb's Adm'r* v. *Binford*, 4 Leigh 132. An action
at law against a personal representative of a decedent, to
secure satisfaction out of his personal assets, may be
sustained, under section 19, chapter 85, Code, on any per-
sonal promise, covenant, or obligation,—any contract. I
did not suppose there was any question about this. The
creditor, if he thinks there is any question about securing
satisfaction out of the personal assets in the hands of the
personal representative, may, without first suing at law,
go into equity, under Code, chapter 86, section 6. As a
judgment at law is no evidence whatever of indebtedness
against the heir,—I mean, a judgment against the personal
representative,—if there is any doubt of the sufficiency of

the personal assets to pay debts resort had better be had at once to equity.

Does the plaintiffs' declaration show a cause of action to charge the estate of David McGregor with damages as for the breach of the covenant contained in the deed of lease?    Every lease for years, though it does not expressly covenant for quiet enjoyment of the premises by the lessee, implies and imports such covenant; that is, that he shall enter and enjoy the premises for the term without the permission of any one.    Wood, Landl. & Ten. 562; Tayl. Landl. & Ten. § 304.    Does the declaration show a breach of such covenant?

First, does the first assignment of breach in count one, namely, the execution by McGregor of the second lease to Gracey, *per se* and alone, operate as a breach of the covenant?    Counsel for the plaintiffs cite 11 Am. & Eng. Enc. Law (2d Ed.) p. 469, reading: "A tenant is evicted where, before the expiration of his lease, the landlord rents the demised premises to another person, who takes possession of them without the tenant's consent." That is sound law, as the law found in that great work almost invariably is; but note that it does not assert the proposition asserted in the declaration (that is, that the mere execution of a second lease alone is eviction), but it requires, in addition, the taking of possession of the premises by the second lessee, which is necessarily an exclusion of the first lessee.    In order to constitute a breach of warranty in the case of landlord and tenant, there must be an actual eviction from the premises.    1 Tayl. Landl. & Ten. §§ 377, 378, 381. . "An actual eviction is an actual expulsion of the tenant out of all or some part of the demised premises,—a physical ouster or dispossession from the very thing granted, or some substantial part thereof."    11 Am. & Eng. Enc. Law (2d Ed.) p. 459; 2 Minor, Inst. 757; *Briggs* v. *Hall*, 4 Leigh 484.    In this case the declaration does not predicate the cause of action upon the theory that the plaintiffs were once in possession, and were expelled by McGregor or by Gracey; but I give the authorities just quoted to show what must be the character of act constituting eviction, to reflect light by assimilation on this case. Further, that second lease, so far as the declaration

shows, did not constitute paramount title. If at the time a conveyance with general warranty is made the land is actually in the possession of a third party, holding the same under paramount title, this amounts to an eviction *eo instanti*. Before an action will lie for a breach of covenant of general warranty, there must be an ouster under paramount title, but it may be established by showing that at the time the covenant was made a third person was in possession of the land under paramount title. *Rex* v. *Creel*, 22 W. Va. 373. But that second lease does not appear to constitute paramount title, as far as the declaration goes; and, if it did, there is no pretense that Gracey took possession under it. In fact, the declaration says he did not. The most that can be said, therefore, is, so far as this second lease operates, that McGregor failed to deliver possession, and it seems that that is not eviction, or tantamount thereto; and while, under the circumstances, the failure of the owner to deliver possession to a lessee might be the basis of an action, if he refused on request, it is not eviction. 11 Am. & Eng. Enc. Law (2d Ed.) 460. Thus, the mere making of that second lease constitutes no ground of action.

Next, as to the other breach assigned in count No. 1. That is that David McGregor denied the plaintiffs the right to enter upon the premises to operate for oil, and did exclude them from so doing. When one makes a lease to another, he impliedly covenants that the lessee shall enter into the possession, and quietly enjoy that possession. It implies that the demised premises shall be open to entry by the lessee at the time fixed for taking possession. *King* v. *Reynolds*, 42 Am. Rep. 107. Reason and justice say that, if the lessor refuse to admit the lessee into possession,—if he withhold possession from him,—he violates his covenant. Authority sustains this position. 11 Am. & Eng. Enc. Law (2d Ed.) 467; 1 Tayl. Landl. & Ten. § 306; *Hubble* v. *Cole*, (Va.) (13 S. E. 441), 13 L.R. A. 311. Now, the only question perplexing me in this particular case is whether the declaration is too general in its charge of the exclusion of the plaintiffs by McGregor from the premises. It does not say how or by what means he excluded them. It does not say that they requested

delivery of possession, but they need not request, as the lease gave them right to possession. The declaration does not, in terms, say that the plaintiffs went to take possession; but in effect it does so, by charging that McGregor denied their right to possession, and excluded them from going on the premises to bore the test well. A declaration need not give items of evidence,—mere evidential facts going to show the ultimate fact constituting the gravamen of action. It need only give the facts that constitute the cause of action to be shown by the evidence. I conclude that the declaration is sufficient in this respect.

But there is another grave objection to the declaration, for which we must sustain the decision of the circuit court. In the same action the plaintiffs join two separate causes of action,—one against the executrix for breach of covenant by the testator in his lifetime, and the other for a breach by the executrix after his death. Of course, McGregor's estate cannot be liable for the act of the executrix in making the lease to Gartland, for three reasons: (1) Because, as shown above as to the Gracey lease, a mere second lease would not be a breach of the covenant; (2) because that lease was made after McGregor's death; (3) Because it is to be presumed that the land descended to the heirs, and that the executrix had nothing to do with it under the will, it not being so averred. And, as to the averment that the executrix excluded the plaintiffs from the enjoyment of the lease to them, the estate is not liable, for two reasons: (1) Because it is not shown that she had any lawful authority over the land; (2) because, if she did wrong in refusing the plaintiffs possession under the lease made by her testator, it would be her own wrong, for which she would be personally liable. "In causes of action wholly accruing after the decedent's death, the personal representative is, in general, liable individually." Schouler, Ex'rs. § 397; Lomax, Ex'rs. 262, §§ 14, 283. In this action there is a misjoinder of causes of action. For the cause of action originating from David McGregor's act in his lifetime, his estate would be liable. For those of Matilda McGregor, she would be individually liable. The one recovery would be payable out of assets; the other, out of her own individual property. "Claims as executor

cannot be joined with those accruing by private right, for the judgment against a party in his personal capacity is *de bonis propriis*, while against him as executor or administrator it is *de bonis testatoris.*" 1 Bart. Law Prac. 304; 1 Enc. Pl. & Prac. 177. At page 163 the latter valuable work has an excellent discussion of joinder of causes of action. At common law an improper joinder in the same declaration of different causes of action was fatal on demurrer, working the dismissal of the action. It is still so on demurrer. Code, chapter 125, section 29, does not save such a declaration on demurrer. Prof. Minor says that, if there be no demurrer, the defect does not avail to arrest judgment, by reason of section 3, chapter 134, Code. No doubt that in the trial court a party may amend his declaration by electing which cause of action he will proceed upon, or by striking out particular counts, if the causes of action are stated in different counts. Where, as in the second count of this case, two causes are joined in one count, the party could cure by electing to proceed on a particular cause, but in this case the plaintiffs declined to amend. See 1 Chit. Pl. 228; 4 Minor, Inst. 448; *Crecl* v. *Brown*, 1 Rob. 265.

The point is made that *Trees* v. *Oil Co.* (W. Va.; decided November 28, 1899) 34 S. E. 983, holds that an executory oil lease is terminated by the death of the lessor. Surely this Court did not mean to hold, and did not hold, that broad proposition. Under the peculiar feature of the lease in that case, as put in the first point of the syllabus,—not binding the lessee to carry out its covenants, but giving him right to defeat the same at any time without payment of anything,—that lease was held to be a lease, or option for a lease, at will, determinable by either party any time, as it created no vested estate. The lessee did nothing, and paid nothing. But in this case the lease does not contain that express clause of complete exemption from liability; and, moreover, under its terms the lessee tendered the rental within time, and on refusal paid it into bank to McGregor's credit, and he accepted it, as the declaration alleges. This is a different case from that. Therefore we affirm the judgment, without prejudice to any other proceeding in law or equity.

*Affirmed.*