# CHARLESTON.

PYLE *et al* v. HENDERSON *et al.*

Submitted April 7, 1903.   Decided February 23, 1904.

1.  PARTIES—*Beneficiaries necessary to bill in equity.*
    Where a trustee brings a suit in equity for the benefit of those he represents. the latter ordinarily are necessary parties to such suit.  (p. 123).

2.  PARTIES—*Co-tenants.*
    In a controversy between two sets of lessees under two several leases, co-tenants interested under either one or both such leases should be made parties to a bill in equity filed to settle such controversy.  (p. 124).

3.  PARTIES—*Lessor.*
    The lessor or landlord is a necessary party to a bill in chancery filed by subsequent lessees to enforce the forfeiture of, set aside and annul a prior lease covering the same subject matter.  (p. 125).

Appeal from Circuit Court, Tyler County.

Bill by C. E. Pyle and others against J. W. Henderson and others.  Decree for plaintiffs, and defendants appeal.

*Reversed.*

V. B. ARCHER, WM. BEARD, and F. D. YOUNG, for appellants.

T. P. JACOBS, W. N. MILLER, and O. W. O. HARDMAN, for appellees.

DENT, JUDGE:

C. E. Pyle and others filed their bill and their supplemental and amended bill in chancery in the circuit court of Tyler County against J. W. Henderson and others for the purpose of having declared forfeited and cancelled as a cloud on their title a certain lease made by Thomas Bunfill and wife on the 3rd day of February, 1897, to A. B. Campbell and J. W. Swann and for the purpose of enjoining the defendants from interfering with plaintiffs in the enjoyment of the property included in the lease.

On a hearing of the cause on bills, demurrer thereto for want of equity and proper parties, answers, general and special replications, depositions and exhibits, the plaintiffs were decreed the full relief prayed for by them and the defendants' lease was declared forfeited and cancelled. From this decree defendants appeal. The first question presented by the demurrer is the want of proper parties. The first objection under this head is that one of the plaintiffs sues as W. S. Miller, trustee, without naming the beneficiaries of the trust for which he is acting. If such Miller is acting in the capacity of trustee for others and not in his individual capacity, such others are necessary parties that they may be bound by the decree entered, and that the defendants, if successful, may not again be compelled to relitigate the same matters with the beneficiaries in such trust, who not being parties to the suit would not be bound by such decree.

The second objection is that the Singledecker heirs, who are entitled to the one-eighth of the one-ninth interest in the gas and oil under the plaintiffs' lease, but have no arrangement with the defendants, have such interest in the result of this litigation that they should be made parties. They certainly should be parties to this controversy, for their rights may be materially affected by the success of the defendants.

It is next objected that Thomas Bunfill, the lessor who executed the two leases in controversy, was not made either party plaintiff or defendant. He is certainly an indispensable party

to this litigation, for his rights may be greatly affected thereby. He is interested in the rents and royalties under both leases if nothing more, while the facts disclosed by the pleadings and depositions bring forward prominently several questions of law for consideration in the proper decision of which his interests are greatly involved. These facts show that his lease to the defendants covered the whole of the tract of land but afterwards it was discovered that he only owned the seven-ninths undivided interest. That the lessees insisted that he should obtain for them under the implied covenants of his lease the other two-ninths undivided interests and set about to help him to do so. After sometime one-ninth was acquired of John Bunfill which left the other one-ninth outstanding in the Singledecker minor children. Claiming that he had not sufficient means the lessor refused to secure this, and the lessees set about to do so to make their lease good, as they could not enjoy it under the decision of *Williamson* v. *Jones,* 43 W. Va. 562, until they could do so. While they were engaged in this laudible undertaking for the benefit of the lessor, as well as for themselves, as it was to make good the implied covenants of his lease, *Knotts* v. *McGregor,* 47 W. Va. 566, (35 S. E. 899), the three months expired in which they were to put down the first well, and according to the terms of the lease $15.00 in advance for each three months' delay thereafter became due, whereupon said Bunfill without notifying the lessees executed forthwith a new lease to the plaintiffs. As soon as the lessees found it out, they wanted to compromise the matter or pay the rent, but Bunfill and the plaintiffs would not listen to them. They then set up the claim that their lease was not forfeited, and that their lessor was not in condition to forfeit it. The plaintiffs file their bills to declare and enforce such forfeiture. The defendants file their answer claiming that their lease is not forfeited for the reason that their lessor not having given them the enjoyment of their term, had no right to enforce forfeiture for non-payment of rent until he did do so; that they had paid $55.00 for the term of three months which they had been prevented from enjoying by reason of the failure of their lessor to comply with his covenants, and that it would be unconscionable to allow him to take advantage of his own default. This gives rise to two very important legal propositions. First, as to whether the lessor was in position to

equitably enforce a forfeiture of his lease, and second, whether a court of equity will declare and enforce the forfeiture of a lease in any case in which it would be proper to relieve against forfeiture.

In 1 McAdam on Lanlord and Tenant, 652, it is said: "A court of equity may relieve a tenant from a forfeiture of the lease if the forfeiture was through inadvertance, accident or mistake on such terms as may be just, but not where there is willful, voluntary, gross or inexcusable neglect." And it will also relieve from forfeiture when caused by the neglect of the landlord. 18 Am. & En. En. Law (2d Ed.) 389. Equity will relieve from forfeiture under an oil lease for failure to pay rentals when compensation for such rentals can be fully made. *South Penn Oil Co.* v. *Edgell,* 48 W. Va. 348. In the case of *Nukill* v. *Guffy et al.,* 37 W. Va. 425, it was decided that "The tract of land of thirity acres in controversy is situated in an oil field at the time of the senior lease partially developed. The senior lessee and those claiming under him, had for more than nine months failed to commence to bore for oil and had failed to pay or deposit for the lessor the one dollar and thirty-three and one-third cents per month. *Held,* under the circumstances of the case the senior lessee and those claiming under him are not entitled to be relieved against the forfeiture by paying such sum. The damages to be looked to are the damages resulting from the breach of the covenant to bore for oil and not the failure to pay one dollar and thirty-three and one-third cents per month in lieu thereof; and the damages resulting from the failure to do the specific thing, viz: to bore for oil, not being susceptible of pecuniary measurement, and therefore compensable, the relief from such forfeiture is denied." From this decision *Judge English* dissented and filed a lengthy opinion. The lessees not having the right to bore for oil in the present case by reason of the failure of the landlord or lessor to comply with the implied covenants of his grant, damages for failure to bore for oil or gas is not in question. They could not bore, and hence they would not be liable for damages in not doing so. One of the questions then, for the Court to decide, is whether the mere accidental oversight to pay or misunderstanding about paying a pecuniary rental at the very moment it was due without willful neglect on the part of the lessees should be relieved

against in equity. In this question Thomas Bunfill is more deeply interested than any other person and about which he is entitled to be heard either as a party plaintiff.or defendant. As to which he must decide for himself.

For these reasons the decree is reversed and annulled, and this cause is remanded with leave to the plaintiffs to amend their bills and bring al parties in interest before the court.

*Reversed.*