# CHARLESTON.

ELKINS NATIONAL BANK *v.* REGER *et als.*

Submitted January 12, 1911.    Decided December 12, 1911.

1.   VENDOR AND PURCHASER—*Vendor's Lien—Enforcement.*
      In a suit to enforce a vendor's lien, a subsequent trust lien
      creditor, holding a prior vendor's lien note as collateral security
      for his trust lien debt, is a necessary party.   (p. 115).

2.   SAME.
      Under such circumstances, it does not suffice to make the
      trustee in the deed of trust a party as representing his *cestui
      que trust,* since he has neither authority to collect the debt nor
      title to the collateral note.   (p. 116.)

Appeal from Circuit Court, Randolph County.

Bill by the Elkins National Bank against Ella D. B. Reger
and others.   Decree for complainant, and defendants appeal.

*Reversed and Remanded.*

*C. H. Scott* and *H. G. Kump,* for appellant.

*E. A. Bowers,* for appellee.

POFFENBARGER, JUDGE:

Having become possessed, in the manner hereinafter stated,
of a promissory note for the sum of $1,310.00, executed by
Mrs. Ella D. B. Reger and secured upon her property by
a vendor's lien, the Elkins National Bank brought this suit
to enforce the lien.   The note was for part of the purchase
money of the property proceeded against and made payable
to the vendor, Mrs. Elizabeth B. Tibbetts.   The deed for
the property was acknowledged August 31, 1904.   On the same
day Mrs. Tibbetts assigned the note to Shelton L. Reger,
the husband of Mrs. Reger.   About the same time, the husband
and wife made and delivered their promissory note to the
Elkins National Bank for $1,200.00, and the former assigned,
to said bank, as collateral security for said $1,200.00 note,
the note executed by his wife to Mrs. Tibbetts and by her
assigned to him.   The proceeds of this note were placed to
his credit and he checked out the money, but to whom and
for what purpose it does not very clearly appear.   The $1,200.-
00 note reads in part "I promise to pay," but is signed by
both parties.   At the time of the assignment of the $1,310.00
note as collateral, Mrs. Reger assigned to the bank, as further
security, three promissory notes of $300.00 each, executed to
her by Dora Watson and Creede Watson, and secured by a
vendor's lien on property other than that involved here.   The
$1,200.00 note was renewed once or twice and, default having
been made in the payment of the last renewal note, the bank
sold the collateral notes at public auction and bought them
in through its attorney at the price of $1,590.00.   It then
brought this suit to enforce the lien of the $1,310.00 note on
the property of Mrs. Reger.   There was a prior vendor's lien
on it in favor of Mrs. Grace Davis Lee for purchase money due

her from Mrs. Tibbetts, payment of which Mrs. Reger had assumed. At the time of the purchase by Mrs. Reger, this lien amounted to $2,500.00, evidenced by three promissory notes, one for $834.00, and two for $833.00 each. Sometime after the purchase by Mrs. Reger, her husband went to the Elkins National Bank, where these last mentioned notes were held for collection, and paid off the first one calling for $834.00. Claiming an assignment of that note, by reason of his having paid it or taken it up with money claimed to have been his own, he assigned it to J. W. Knopsnyder, as collateral security for a $500.00 loan made by said Knopsnyder to Mrs. Reger, and further secured by a deed of trust upon the property here proceeded against in which E. D. Talbott was made trustee. Mrs. Grace Davis Lee, holding her two vendor's lien notes, Ella D. B. Reger, Shelton L. Reger, E. D. Talbott, trustee, and Elizabeth B. Tibbetts, payee in the $1,310.00 note and promissor in the $834.00 note and the two $833.00 notes, were made parties defendant. Knopsnyder is shown by the answers filed, but not by the bill, to have been dead at the time of the institution of this suit, and his executor, the Davis Trust Company, was not made a party. Without referring the cause to a commissioner, the court decreed the debt of Mrs. Lee, then amounting to $2,030.00, to be the first lien upon the property, that of the bank, amounting to $1,641.43, the second, and that of Knopsnyder the third lien, and ordered the property sold to satisfy these liens in default of payment, by Mrs. Tibbetts of the debt due Mrs. Lee, and, by Mrs. Reger, of the debt due the bank, and appointed a commissioner for the purpose of executing the decree. A sale was made to N. I. Hall for the sum of $4,900.00, which was paid in cash, and then Shelton L. Reger and others put in an upset bid of $5,200.00. This bid was accompanied by a petition of Mrs. Reger praying the court to set aside the sale and re-sell the property. From this decree, the Regers have appealed.

Of the many assignments of error, the most important one is founded upon the failure to make Knopsnyder's executor a party, after discovery of its possession of the $834 note and the manner and purpose of its acquisition. As the bill did not disclose these facts, the demurrer was no doubt properly

overruled, but, if the executor was a necessary party, the disclosure of its interest at any stage of the proceeding, no matter in what way, made it necessary for the plaintiff to amend by making the executor a party. As the bill accords to Mrs. Lee the first lien on the property and claims the place of second lienor for the bank, one of its purposes was, after the disclosure of the alleged assignment of the $834.00 note to Knopsnyder through S. L. Reger, to assert priority of the bank's lien over Knopsnyder's right, if any, as holder of that note, and such was the effect of the decree. Indeed, the decree allowed nothing to anybody on account of the $834.00 note. It treated that note as having been paid, although it was shown to be in the hands of the executor of Knopsnyder. But for this claim of priority, Knopsnyder's executor might have been omitted, under the authority of *Turk v. Skiles,* 38 W. Va. 404, and *Arnold* v. *Coburn,* 32 W. Va. 272, holding it unnecessary, in a suit of this character, to make a lienor under a deed of trust, subsequent to the vendor's lien, a party, and sufficient to make the trustee a party so as to bring the legal title before the court. *Turk* v. *Skiles,* however, says it is necessary to make the *cestui que trust* a party if there is a controversy as to priority between the vendor's lien and the trust lien, on the theory of a waivor or estoppel on the part of the holder of the former in favor of the holder of the latter. Here the question of priority stands upon a ground higher than that of waiver or estoppel. Mrs. Lee admittedly had the first lien for the $834.00 note. If she assigned it to Reger and Reger to Knopsnyder, it is clearly entitled to preference over the lien asserted by the bank. There may not be much merit in this claim of assignment, but it is a claim and an adjudication against it in the absence of Knopsnyder's executor cannot bind it. Hence, the failure to make it a party was an obvious error which will reverse the decree, unless it can be excused upon some ground.

The presence of the trustee in the deed of trust as a party is relied upon as a sufficient excuse, on the theory of his representation of the Knopsnyder debt, secured by the deed of trust, as well as by the $834.00 note. The deed of trust was such in form and effect as is ordinarily taken to secure a debt and conferred no authority upon the trustee to collect, wherefore

he did not represent it. *Bryan* v. *McCann,* 55 W. Va. 372; *George Trustee,* v. *Zinn,* 57 W. Va. 615. Hence the trust debt was not represented, nor was the holder of the $834.00 note before the court. Though Talbott seems to have filed it with a deposition he had no title to it, nor right to collect it otherwise than as attorney or agent. Nor did S. L. Reger represent it, although he claimed an equitable right respecting it. For the purposes of adjudication, it was not before the court at all.

Nor do we think Mrs. Reger released or waived the error by asking the court to set aside the sale and re-sell the property. In every substantial view this act was one in resistance of the sale and not an acceptance of the benefit of the decree complained of.

Though the Knopsnyder estate may not be interested in some of the controversies raised by the assignments of error, it is difficult to say how far that interest extends, and, as the decree must be reversed for lack of a necessary party, we refrain from further consideration of the assignments, in conformity with the general rule.

For the error aforesaid, the decree complained of will be reversed and the cause remanded, with leave to the plaintiff to make Knopsnyder's executor a party and amend its bill.

*Reversed and Remanded.*