# CHARLESTON.

WAITMAN H. CONAWAY *v.* RAYMOND D. OVERHOLT, EXR. *et al.*

Submitted September 7, 1921.   Decided September 13, 1921.

1.  TRUSTS—*Where a Bill to Enforce Vendor's Lien Omits Nec-
essary Trust Beneficiaries a Demurrer Thereto Should be
Sustained.*

    A bill for enforcement of a vendor's lien against the land
    constituting part of the estate of a deceased vendee of the
    vendee, or sub-purchaser, to which only the executor of his
    will and, the trustees under the will are made parties defend-
    ant, and which fails to disclose the nature and extent of the
    interest or estate of the trustees in the land, omits the bene-
    ficiaries of the trust and does not in any way excuse or justify
    their omission, is defective as to parties, and a demurrer
    thereto should be sustained on that ground.   (p. 39).

2.  EQUITY—*On Demurrer to Bill for Enforcement of Vendor's
Lien, for want of Necessary Parties, the Merits Considered
Only to See if Case Falls Within Equity Jurisdiction.*

    In such case, the merits of the cause of action will be con-
    sidered only to the extent of determining that it is such as
    falls within the jurisdiction of a court of equity.   (p. 39).

Certified from Circuit Court, Wetzel County.

Bill by Waitman H. Conaway against Raymond D. Over-
holt, executor, and others, for enforcement of vendor's lien.
Demurrer to bill overruled, and case certified for review.

*Reversed; Demurrer sustained.*

*Waitman H. Conaway,* and *T. M. McIntire,* for plaintiff.
*Thos. H. Cornett,* for defendants.

POFFENBARGER, JUDGE:

Having overruled a demurrer to a bill filed for enforce-
ment of an alleged vendor's lien and possibly for relief upon
89 W. Va.

other grounds, the trial court has certified its decision to this court for review.

The inquiry turns upon the language of the clause in a contract or deed, relied upon as having reserved such a lien. W. H. Conaway, one of the plaintiffs, owning an undivided half of the equitable title to certain coal and mining privileges, sold and conveyed the same to his cotenant, Charles E. Conaway, for and in consideration of the sum of $8,100.00, of which $1,100.00 was paid in cash.    Of the residue, $2,000.00 was to be paid in a short time, without interest, and the residue of the purchase money, in two interest bearing installments of $2,500.00 each, one on or before Dec. 1, 1907, and the other on or before Dec. 1, 1908.    As to security of payment, the contract contained this stipulation: "It is also understood, covenanted and agreed that said Waitman H. Conaway is to have a vendor's lien upon said coal to the extent of said $7,000.00 remaining unpaid in any sale and conveyance thereof by said Charles E. Conaway. If said sum of $2,000.00 is paid on or before December, 1906, the said vendor's lien shall only be for $5,000.00 instead of $7,000.00."

Soon after this agreement or conveyance was made B. F. Overholt, with full notice thereof, and of the stipulation aforesaid, purchased of Charles E. Conaway, an undivided one-half of said coal, and paid Waitman H. Conaway $1,000.-00, one-half of the $2,000.00 aforesaid, by way of credit on what he was to pay Charles E. Conaway as purchase money. At the same time and as part of the same transaction, he joined Charles E. Conaway in the execution of two $2,500.00 notes payable to Waitman H. Conaway, which represented the two $2,500.00 payments due from Charles E. to W. H. Conaway.    He did not join in a note for $1,000.00 representing the other half of the $2,000.00 installment, because it had been assigned by W. H. Conaway to W. A. Weidebush and by Weidebush to the Grafton Banking and Trust Company, after endorsement by John F. Phillips; but the bill alleges he assumed it and became personally liable therefor.

In February, 1907, David H. Cox in whom the legal title to the coal still remained and to whom only a small fraction

of the original purchase money had been paid, conveyed it to Overholt and Charles E. Conaway, reserving a vendor's lien thereon for more than $44,000.00. Later and on a date not disclosed, Overholt died and Raymond D. Overholt qualified as the executor of his will. At a date not disclosed, Chas. E. Conaway also died. The estate of B. F. Overholt paid all the purchase money due Cox and took an assignment of his vendor's lien.

In a creditors suit against the estate of Chas. E. Conaway, the Overholt estate set up this lien and claimed the benefit thereof by subrogation, to the extent of the payment of Conaway's half of the purchase money. On the sale of the Conaway half of the coal, under a decree entered in said cause, the trustees of the Overholt estate purchased it for the sum of $35,000.00 which sum was not more than sufficient for reimbursement of said estate, after payment of costs, etc.

In that suit the three notes above described were also set up and asserted as liens on the Chas. E. Conaway half of the coal and were decreed to be liens thereon next after the lien for the Cox debt. Cox, B. F. Overholt, W. H. Conaway, Weidebush, the Grafton Banking and Trust Company and Phillips were all parties defendant in that suit.

The two $2,500.00 notes were assigned by W. H. Conaway to B. F. Blackshere, and later paid by B. F. Overholt or his executor. The bank above mentioned obtained a judgment on the $1,000.00 note against W. H. Conaway, Weidebush and Phillips which has been paid by Phillips.

In said creditors suit, the bank, W. H. Conaway, Weidebush and Phillips filed a petition by which they sought to charge the Overholt half of the coal with said $1,000.00 debt, as being secured by the stipulation in the contract between W. H. Conaway and Chas. E. Conaway, but their petition was rejected by an order saving to them any right they might have to charge that interest in the coal by a proper proceeding. This suit in which all of them have joined as plaintiffs is the means they have adopted for enforcement of their alleged right.

A ground of demurrer respecting sufficiency of the bill as

to parties may preclude review of the decree, as to the sufficiency of the bill in respect of other matters. In other words, it may not be possible, in the present state of the record, to say whether there is a vendor's lien or whether there is right to charge the real estate, or obtain a personal decree for the debt in question, upon any other ground. In the absence of necessary parties, the inquiry cannot go beyond the question of equity jurisdiction of the cause of action indicated by the bill. *Beckwith* v. *Laing,* 66 W. Va. 246.

The only defendants to the bill are Raymond D. Overholt, West Virginia Executor of the will of B. F. Overholt, deceased, and Helen Abigail Overholt and Raymond D. Overholt, Trustees of the estate of B. F. Overholt. There is not an allegation in the bill, indicating the nature or extent of the interest the executor or the trustees have in the estate. The trustees may be the beneficiaries of the will and the trust created by it, but the bill does not say so. The trust is probably an active one, but as to that the bill is silent. The legal title to the real estate may be in the executor or the trustees, and it may not be in either. As to this, no information is furnished by any allegation of the bill: Likely the will makes one or more persons other than the trustees beneficiaries of the trust, but, if so, they are not named. The trustees may have interests in the trust, in their individual capacities, but they are not made parties in their own rights. As they are described in the body of the bill as trustees of the estate, sufficient interest on their part to make them proper parties is no doubt shown, but, presumptively, the trust was created for the benefit of somebody. The trustees of the estate may not have powers sufficiently broad to make them representatives of the beneficiaries of the will or the trust in respect of the coal in question, for all purposes. Their interest or title should be disclosed. If the nature of the cause of action, enforcement of a vendor's lien, does not constitute an exception to the general rule as to parties, the bill is clearly defective in that respect. Under it, all persons directly interested in the subject matter are necessary parties, and *cestuis que trustent* are such persons. *Beckwith* v. *Laing,* cited; *Pyle* v. *Hender-*

son, 55 W. Va. 122.   The nature of this cause of action constitutes no exception to the general rule, especially when the, lien is asserted against the land of the vendee or sub-purchaser, as it is here.    Clark v. Harpers Ferry Timber Co., 70 W. Va. 312; Elkins National Bank v. Reger, 70 W. Va. 113; Gebhart v. Shrader, 75 W. Va. 159; Morris  v.  Peyton's Adm'r., 10 W. Va. 1, 9.

That enforcement of a vendor's lien is an equitable cause of action and needs neither demonstration nor citation of authority.    It is an elementary proposition.

For the omission of allegations showing the nature   and extent of the interest or estate of the trustees in the coal and excusing in some way omission of the beneficiaries of the trust, the bill is manifestly insufficient as to parties, and, on that ground, the demurrer should have been sustained and will be by an order entered here.    It is hardly necessary to observe that lack of apparently necessary parties precludes review of the decision upon any question pertaining to the merits of the demand set up by the bill.

The conclusion here stated will be recorded by a proper order and certified to the court below.

                     Reversed; Demurrer sustained.