# CHARLESTON,

CHARLES H. DRAPER, *Receiver, etc. v.* MARGUERITE CROZIER, *Admr., etc., et al.*

(No. 5916)

Submitted September 14, 1927.   Decided September 20, 1927.

1. EVIDENCE—*Where Verdict Does Not Depend Alone on Oral Evidence Undisputed by Witness, Jury is Not Limited Thereby.*

    Where a verdict does not depend alone on the oral evidence of a witness, the jury is not limited in its findings thereby, although no other witness is called to contradict that evidence. (p. 160.)

    (Evidence, 23 C. J. § 1796.)

2. ACTION—EXECUTORS AND ADMINISTRATORS—*Where Note Signed by Defendant as Administratrix and Indorsed by Her Individually Represents Single Cause of Action, Suit Against Defendant in Both Capacities Does Not Constitute "Misjoinder"; Verdict in Both Capacities Against Defendant, Signing Note Representing Single Cause of Action as Administratrix and Indorsing it Individually, Held Not Fatally Defective.*

    Where the cause of action sued on is single, though represented by a note signed by the defendant as administratrix and indorsed by her individually, and the suit is brought against the defendant in both capacities, there is no misjoinder, and if the verdict runs against the defendant in the same way, there is no fatal defect in the verdict.   (p. 161.)

    (Actions, 1 C. J. §§ 204, 269; Executors and Administrators, 24 C. J. § 2193 [Anno].)

3. APPEAL AND ERROR—*Execution on Judgment Against Defendant Individually and as Administratrix on Individual Debt, May be Limited on Appeal to Individual Capacity and Affirmed.*

    But where the judgment on such verdict is against the defendant individually and as personal representative, and execution as to the latter is directed to be levied on the goods and chattels of the decedent in the hands of the administratrix to be administered, it may be corrected on writ of error, and the judgment and execution limited to the property of

the defendant individually, and as thus corrected, affirmed. (p. 162.)

(Appeal and Error, 4 C. J. §§ 3157, 3165.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by Charles H. Draper, receiver, of the First National Bank of Matoaka against Marguerite Crozier, individually and as administratrix, and others. Judgment for plaintiff, and defendants bring error.

*Modified and affirmed.*

*Reynolds & Reynolds* and *Walter G. Burton,* for plaintiffs in error.

*French, Easley & Easley,* for defendant in error.

MILLER, JUDGE:

Upon a notice of motion for judgment against defendant in her individual and representative capacities, founded upon a note executed by her in her representative capacity to the plaintiff, receiver of the First National Bank of Matoaka, and endorsed by her in her individual right, dated July 17th, 1925, payable on demand, for the sum of $2882.45, and upon the several issues joined upon the pleadings, the plaintiff, on August 28th, 1926, recovered a verdict and on August 31st, 1926, a judgment against defendants for the sum of $2289.25, which verdict and judgment are the subjects of the errors complained of on the present writ, awarded on the petition of defendants.

No demurrer to the notice was interposed for misjoinder of parties or causes of action, or upon any other grounds. The plea of *non assumpsit* was filed, and the substance of the only special pleas on the merits were: (1) that the note sued on and the endorsement thereof were obtained by plaintiff by fraud, duress and circumvention, in this, that the plaintiff falsely and fraudulently represented to defendants that the supposed note would not be sued on, and that defendants were not to be liable for the amount thereof; (2) that the defendant at the time of making the note owed the

plaintiff's bank $11,000.00, secured by deeds of trust on the property of defendants which the plaintiff threatened to foreclose if they did not execute the note, which would have been disastrous to the estate of defendants, because a sale thereof under the conditions existing, would have been at a sacrifice of the property; (3) that in fact, when said note was executed, plaintiff's bank was indebted to Mrs. Crozier, and not defendants or either of them to it; (4) that when the note was executed, it was done with the understanding and agreement with plaintiff that no action was to be brought against them, as they did not owe the bank or said receiver the amount sued for.

In the petition for the writ, numerous grounds of error were assigned involving the introduction of evidence, the giving and the refusal of instructions, the authority of the administratrix to execute the note sued upon, the right of the court to reform the verdict, the question whether the verdict was sustained by the law and the evidence, the motion of defendants, overruled, to set aside the verdict, and the entry of judgment on the verdict in favor of plaintiff.

On the hearing here, the errors assigned and relied on are:

First; that there was a fatal misjoinder of causes of action, because a cause of action against a decedent's estate cannot be joined in the same action with a cause of action against the personal representative individually.

Second; that the defendant as administratrix had no right or authority in law to execute the note sued upon and no verdict should have been found, or judgment rendered against her in her representative capacity.

Third; that the court erred in overruling defendants' motion to set aside the verdict and in rendering any judgment thereon, because the verdict was fatally defective.

Fourth; That the jury had no right to arbitrarily disregard the undisputed and uncontradicted evidence of the defendant Marguerite Crozier as to the deposit of $1500.00 deposited in plaintiff's bank on November 24th, 1924, and as to the deposit of $370.00 on the 20th day of August, 1923.

Fifth; that the verdict as first brought in by the jury was not certain enough upon which to render judgment and was otherwise defective.

Sixth; that the verdict of the jury is contrary to the law and the evidence in the case.

Seventh; that the court erred in allowing the plaintiff to propound improper questions to the defendant Marguerite Crozier on cross-examination on irrelevant, collateral and immaterial matters not gone into by the defendant in chief, and then allowed the plaintiff to contradict the defendant Margueriate Crozier on such matters on re-direct examination, all of which tended to prejudice the jury against the defendants.

There was no motion in arrest of judgment, and the grounds assigned for setting the verdict aside and for a new trial did not include the alleged misjoinder of parties defendant or causes of action.

There is no controversy between the parties that the note sued on was made to cover checks signed, "Marguerite Crozier, Admx.," against her account in the bank, kept in that name, in favor of various persons from whom she had purchased merchandise for a mercantile business conducted by her in the same name, and that the checks were all paid by the bank, not that the bank and its receiver were entitled to charge them against her account as was done. The pass book which she carried and in which her deposits were generally entered by the bank clerk, contained no credit of the $1500.00 item in controversy. She had no explanation to make of these facts, except her negligence. The source of this largest deposit she explained, was the proceeds of a special sale which she had been conducting and especially the sales made on Saturday, November 22nd, 1924, which she says aggregated about $1700.00.

The books of the bank show her credited on November 22nd with $741.29 and on November 25th with $820.64, aggregating $1,561.91, and with nothing on November 24th. Her sales for Monday did not aggregate the amount of the $820.64 credit. The only other credit claimed which she undertook to support by any evidence was the $370.00 item as of August 20th, 1923. The jury at first returned its verdict:

"We, the jury, on the issues joined between the plaintiff, Mr. Draper, Receiver for the First National Bank of Matoaka, and the defendant, Mrs. Marguerite Crozier, Administratrix, find for the plaintiff in the sum of $2282.45 less following credits $53.33, $62.00, and the difference between $1,500.00 and the amount deposited as shown in pass book on the Monday that the deposit for $1,500.00 is alleged, and with interest on this balance from July 17th, 1925. P. D. Woods, Foreman."

They were returned to their room by the court to figure out the exact amount, and shortly afterwards returned into court submitting a detailed statement and a corrected verdict in accordance therewith as follows: "Upon the issues joined between the plaintiff and the defendant, we, the jury, find for the plaintiff the sum of $229.84. P. D. Woods, Foreman." The first verdict discloses that the jury had determined to allow the defendant credit on the note with the difference between the $1,500.00, claimed, and the $820.64 credit, and nothing for the claim of $370.00. Manifestly their conclusion was that this latter credit was a part of the proceeds of the sales made on Saturday. This, the counsel say, was to disregard her uncontroverted evidence as to the amount of the deposit, and as it depended on her testimony alone, she was entitled either to the whole of the deposit claimed or none of it. If she was entitled to none of it, she can not complain, but the jury were not limited in their finding to her testimony alone. They had before them the facts which we have already recited; the fact particularly that she did not obtain credit for the deposit in her pass book, nor take any duplicate slip from the bank in the absence of the book; the juxtaposition of the two credits on August 22nd, and August 25th; her failure to mention to the receiver these alleged deposits when the books were gone over and referred to at the time the note was given, and other corroborative facts and circumstances disclosed by the record. We are not persuaded that any rules of evidence were violated by either court or jury in the disposition of the case on the trial. Preliminary to a consideration of the other questions, our attention was

not called to any material errors in the admission or rejection of evidence.

We will now dispose of the other questions not relating to the amount of the verdict: First, it is affirmed that there was a fatal misjoinder of causes of action, and that the verdict and judgment can not stand. As has been pointed out, there was no demurrer to the declaration for such misjoinder, nor any motion made in arrest of judgment, nor was such misjoinder made a ground for setting aside the verdict. We need not repeat the rules in such cases.

The record discloses, as indicated, that there was but one cause of action, a debt incurred by Marguerite Crozier, Administratrix, after the death of her husband, represented by the checks drawn by her covering merchandise purchases, and that no part of that debt represented a liability incurred by the decedent. The note assigned was simply *descriptio personæ* and bound her personally only; and her endorsement was individual and she was bound thereby. There can be no question that distinct causes of action cannot be joined in the same suit against different parties, nor that a debt incurred by a decedent can not be joined in an action for a debt incurred personally by the personal representative. *Knotts et al.* v. *McGregor,* 47 W. Va. 566; *Thompson and Lively* v. *Osenton,* 92 W. Va. 1, 114 S. E. 435.

The last point of error, substantially comprehensive of all other questions presented for reversal, was that the defendant as administratrix had no right or authority in law to execute the notes sued upon, and that no verdict or judgment against her in her representative capacity was properly predicated thereon. The all-sufficient answer to a part of this proposition is that it was perfectly competent for the defendant Marguerite Crozier to execute a note to cover her overdrafts upon her individual account. It may be readily conceded, as it is, that she could not bind the estate of her husband by her note or other contract, except in the instance recognized that she might execute a note in her representative capacity for the purpose of postponing an indebtedness of her decedent, as recently decided. *First National Bank of Salem* v. *Jacobs,* 85 W. Va. 653. The effect of the jury's verdict was to find

against her simply in the two capacities in which she undertook to bind herself personally for her individual debts.     But we are disposed to give effect to this assignment of error in so far, and in so far only, as the court below in pronouncing judgment upon the verdict undertook to make execution thereon run against the goods and chattels of the decedent in the hands of the administratrix to be administered.     This error, however, may be corrected here so as to limit the judgment to one against the defendant Marguerite Crozier, and as thus corrected we affirm it.

*Modified and affirmed.*