# CHARLESTON.

## ARNOLD *v.* COBURN.

*(GREEN, JUDGE, Absent.)

Submitted January 19, 1889.—Decided February 25, 1889.

1. VENDOR'S LIEN—PARTIES.

   In a suit to enforce a vendor's lien on land it is not error to decree a sale of such land to pay said lien without making other creditors having subsequent liens thereon parties and ascertaining the amounts and priorities of their debts.

*On account of illness.

2. Vendor's Lien—Parties.

    If the land, on which the vendor's lien exists, has been conveyed by trust-deeds to secure debts, it is proper in such suit to make the trustees in such trust-deeds parties, but it is not necessary to make the *cestuis que trust* in such deeds parties before decreeing in favor of the person holding the vendor's lien.

*S. V. Woods* for appellant.

*Dayton & Dayton* for appellees.

Snyder, President :

    In November, 1885, Jesse W. Arnold filed his bill in the circuit court of Barbour county against M. W. Coburn, in which he avers, that in consideration of love and affection for his daughter, the wife of said Coburn, and $3,000.00 to be paid in three equal annual payments with interest from date, he did on November 2, 1874, sell and convey to said Coburn a valuable tract of land lying in said county, containing 233 acres, and that he retained a vendor's lien in the deed for said $3,000.00; that the plaintiff is still the owner of two of said bonds of $1,000.00 each, no part of which has been paid, and prays that his vendor's lien may be enforced by a sale of said land.

    In March, 1886, the defendant filed his answer, admitting the allegations of the bill in all respects except as to the nonpayment of said purchase-money. In regard to this he avers, that he and the plaintiff had by written agreement submitted all matters in difference between them, including two of the three bonds given for the said land, to three arbitrators, and that said arbitrators made their award, by which they determined, that the said two land-bonds had been reduced by payments and sets-off to $1,111.43 with interest from August 1, 1885, and that this was all that remained due on said two land-bonds.

    In October, 1886, James Pickens on his own petition was made a defendant in the cause. It is shown by the petition of said Pickens, that in January, 1885, he had become the owner by assignment of the third of said land-bonds, upon which he had in March, 1886, obtained a judgment in said court for $1,649.80 against the defendant Coburn, and he

35

prays, that he may be decreed to have the first lien on said 233 acres of land *etc.*

In March, 1887, the defendant Coburn asked leave to withdraw his answer, whereupon Franklin Maxwell, a creditor of Coburn but not a party to the suit, objected to such withdrawal of said answer; and the court permitted Coburn to withdraw his answer upon his leaving in the cause attested copies of the same and the exhibits filed therewith. Subsequently the plaintiff filed an amended bill, in which he admits, that James Pickens had become the owner of one of said land-bonds, and avers, that said Pickens had since died, and that John D. and Dever Pickens had qualified as his executors. He further avers, that, after said 233 acres of land had been conveyed to the defendant Coburn, he, the said Coburn, by deed dated September 7, 1878, in which deed the plaintiff united as a grantor, conveyed the said 233 acres and a number of other tracts of land to James E. Hall, trustee, to secure a debt of $6,600.00 to John D. Pickens, but that a large part of said debt had been paid by the sale of other lands of the said Coburn; that by another deed dated December 21, 1885, the said Coburn conveyed said 233 acres with other lands to James Pickens and A. G. Dayton, trustees, to secure the payment of $3,000.00 to Dever Pickens; and that by another deed dated December 25, the said Coburn conveyed all of said lands to Thomas A. Bradford, trustee, to secure a large number of debts due from him to other creditors, among which is a debt of $5,000.00 to Franklin Maxwell.

To this bill the said James E. Hall, trustee, James D. and Dever Pickens in their own rights and as executors of James Pickens, deceased, A. G. Dayton, trustee, Thomas A. Bradford, trustee, and Franklin Maxwell are made defendants, and its prayer is for the same relief as that asked in the original bill.

The defendant, Maxwell, filed his answer to this bill and made part thereof the answer of Coburn and the exhibits therewith to the original bill, which after having been filed had been withdrawn as aforesaid; and he averred, that the withdrawal of said answer was by collusion between the plaintiff and said Coburn, the latter being the son-in-law of

the former, and for the purpose of defrauding this defendant and other creditors of the said Coburn; that the aforesaid award and settlement between the plaintiff and said Coburn was valid and binding; and that the $1,111.43 found by said award is the true balance due from Coburn to the plaintiff on the two land-bonds held by him.

After this answer of Maxwell had been filed the plaintiff amended his bill alleging, that said pretended award between him and Coburn was illegal, fraudulent and void and stating in detail the grounds, which rendered it invalid.

Depositions were taken by both the plaintiff and defendant, Maxwell, in respect to said arbitration and award, and said depositions fully and distinctly prove, that said award was invalid, both upon the ground that it was obtained by the fraud of said Coburn and upon mistake of the arbitrators in the application of the law to the facts, when they intended to decide according to the law. *Mathews* v. *Miller*, 25 W. Va. 817. On November 2, 1887, the court entered a decree against Coburn in favor of the executors of James Pickens for $1,755.03, being the amount of the judgment recovered on one of the purchase-money-bonds for the aforesaid 233 acres of land, and in favor of the plaintiff for $3,560.00 being the amount of the other two bonds for said land, and for both of which sums a vendor's lien existed on said 233 acres of land, and in default of the payment of said sums within thirty days the decree directed the sale of said land to pay the same, *etc.*

From this decree the defendant Maxwell has appealed.

It is contended for the appellant, that the plaintiff's bill is demurrable, because the creditors secured in the three trust-deeds referred to in the bill are not all made parties. This Court has repeatedly decided, that in a suit to enforce a vendor's lien it is not error to decree a sale of the land, on which such lien exists, before ascertaining the amounts of other liens on the land and their priorities, because in such suit the doctrine, which requires all the lienors in an ordinary creditors' suit to be made parties, does not apply. *Cunningham* v. *Hedrick*, 23 W. Va. 579; *Neeley* v. *Ruleys*, 26 W. Va. 686. This is conceded to be the law of this State by counsel for the appellant, but it is insisted, that this is not a suit for the sole purpose of enforcing a vendor's lien, and

therefore the rule applicable to such suits does not apply to this suit.

It seems to me, this is purely a suit to enforce a vendor's lien, and that it was so treated and considered by the Circuit Court. The trust-deeds on the 233 acres are all subsequent in date and subject to the vendor's lien ; the rights of the creditors secured therein were all inferior to the said lien at the time they became creditors. It was necessary, or at least proper, to make the trustees in these trust-deeds parties, in order that a sale might devest the title, which they held, and confer upon the purchaser a clear title. This was done in this cause, and it was all that ought to be required in such cases. I do not think, the facts in this cause differ essentially from the facts in the two cases above decided, in which this Court held, it was not necessary to make the other leinors parties or to ascertain the amounts and priorities of their debts. The relief prayed in the bill and granted in the decree relates wholly to the vendor's lien, and in no manner adjudges or prejudices the rights of the trust-creditors. They may hereafter bring a new suit or make themselves parties to this suit and have their rights determined and their liens enforced, not only against the other lands conveyed in trust for them but also in respect to the surplus in the 233 acres, if any part thereof remains after satisfying the vendor's lien.

It is further insisted for the appellant, that the plaintiff sued for the enforcement of only two of the land-bonds, while the decree orders the payment of three bonds, and that this was error. The most, that can be said in favor of this objection, is, that it is technically true but substantially untrue; for the amended bill admits, that Pickens is the holder of the third bond, and that it is unpaid, and the executors of Pickens are made parties to the suit. It was entirely proper in view of these facts, that the decree should provide for the payment of all three of the purchase-money-bonds.

It appears in the foregoing statement, that the plaintiff united with Coburn and wife in the deed of September 7, 1878, by which the said 233 acres and other lands were, with general warranty, conveyed to Hall, trustee, to secure a debt to John D. Pickens. The appellant claims, that by this act the plaintiff in some manner lost his vendor's lien on the 233

acres, or became estopped from asserting it against the appellant, who is a *cestui que trust* in a subsequent deed on the same land. I confess, I am unable to appreciate the force of this claim or the alleged legal principle, on which it is asserted.

The plaintiff's bill avers, that a large part of this Pickens debt has been paid; and the other lands conveyed in said deed to secure it are ample to pay it without resorting to the 233 acres. But, if this were not so, I cannot see what right the appellant, who is not a party to said deed or secured by it, has to complain. He is secured, it is true, by a subsequent deed on the same land, but his lien is subject not only to the right of Pickens to have his debt paid out of said land, but also subject to the right of the plantiff, if he is compelled to pay said debt, to be reimbursed by sale of said land, in preference to any right or claim of the appellant acquired by his subsequent trust-deed.

For these reasons I am of opinion that the decree of the circuit court should be affirmed.

AFFIRMED.