# CHARLESTON.

## Turk *v.* Skiles.

Submitted June 23, 1893.—Decided December 11, 1893.

1. PARTIES—VENDOR'S LIEN—TRUSTS AND TRUSTEES.

In a suit to enforce a vendor's lien reserved in a conveyance of land a trustee in a deed of trust, though subsequent to the conveyance reserving the lien, is an indispensable party, as he holds the legal title.

2. PARTIES—VENDOR'S LIEN—TRUSTS AND TRUSTEES.

Though, generally, the beneficiary in such deed of trust, as it is subsequent, need not be a party, yet if there be a question whether the holder of the vendor's lien has by his act waived his lien as to the debt secured by the trust, the beneficiary is a necessary party.

3. PARTIES—JUDICIAL SALE—TRUSTS AND TRUSTEES.

A purchaser at a judicial sale is not protected upon reversal of the decree by section 8, c. 132, of the Code, when the record shows that necessary parties interested in the land sold, having liens thereon, were not parties when the sale was ordered and confirmed. So when a trustee holding the legal title to the land is not a party.

4. MARRIED WOMAN—SEPARATE ESTATE—DECREE.

A personal decree against a married woman for a debt contracted during coverture is erroneous and void, and a clause in the decree that it is to be levied of her separate estate and goods and chat-

tels, not limiting it to the property before the court in the suit, does not cure error. This, before chapter 3, § 15, Acts 1893.

H. S. RUCKER for appellant, cited 33 W. Va. 156; Id. 653; 23 W. Va. 664; 16 W. Va. 724; Id. 649; 24 W. Va. 712; 23 W. Va. 704; 22 W. Va. 199; 26 W. Va. 28; 21 W. Va. 124; 7 W. Va. 458; 17 W. Va. 667; Code, c. 72, s. 2; Shep. Touch. *311 *et seq.*, 320 *et seq.*; 1 Tuck Comm. 454; 2 Min. Inst. (3d Ed.) 794; 4 Min. Inst. (3d Ed.) 48; 75 Va. 604; 31 W. Va. 82, p't 2 Syll.; 2 Pars. Cont. *493, *504; 1 Am. & Eng. Ency. L. 854; 25 W. Va. 263; Am. Dig. (1889) p. 2927 par. 319; 18 W. Va. 195.

F. WOODS of counsel for appellant, cited 13 Gratt. 436; 24 W. Va. 737; 21 Gratt. 247; 75 Va. 609; 33 Gratt. 195; 16 W. Va. 725; 32 W. Va. 276; 23 W. Va. 656; 33 W. Va. 653; Id. 156; 10 W. Va. 142; 16 W. Va. 77; 23 W. Va. 704; 13 W. Va. 572; 19 W. Va. 367.

R. S. TURK for appellees, cited Code, c. 74, s. 5; Code, c. 76; Code, c. 133, s. 8; 26 W. Va. 686; 32 W. Va. 272; 22 W. Va. 292.

BRANNON, JUDGE:

J. R. Apperson conveyed to Jannie B. Skiles an acre of land in Pocahontas county, reserving in the deed a lien for unpaid purchase-money. This unpaid purchase-money was one thousand five hundred dollars, for which Jannie B. Skiles executed to Apperson three bonds of five hundred dollars each, but there was no mention of them in the deed. On August 25, 1886, Mrs. Skiles and her husband and Apperson executed to R. W. Baldwin, trustee, a deed of trust conveying the said one acre to secure to Richard Baldwin a bond of one thousand two hundred dollars executed to him by Mrs. Skiles and her husband, which deed of trust was recorded September 8, 1886. On September 7, 1886, Apperson assigned to R. S. Turk, trustee, said three bonds so executed by Mrs. Skiles and husband, to be collected and applied to various debts against Apperson in the written assignment to Turk specified. Afterwards Turk as trustee brought a chancery suit in the Circuit Court of Po-

cahontas county against Mrs. Skiles and others, setting up the assignment of said bonds to him, and the lien under the conveyance from Apperson to Mrs. Skiles, and praying that it be enforced by the sale of said one acre for the payment of said bonds. Neither Baldwin, trustee, nor Baldwin, creditor, under said deed of trust was made a party to Turk's suit. Mrs. Skiles and her husband filed an answer, in which they alleged the execution of said deed of trust from them and Apperson to Baldwin, trustee, and exhibited the same, denying the existence of Turk's lien, and suggesting that both said Baldwins be made parties, and praying that the bill bill be dismissed. A personal decree in the case was made against Mrs. Skiles for one thousand seven hundred and ninety six dollars and twenty seven cents in favor of Turk, trustee, on account of said bonds, and in default of payment that said land be sold; and the land was sold under the decree to W. R. Tyree, and the sale confirmed. Jannie B. Skiles appeals.

In the investigation of the questions arising in this case the first matter which naturally calls for consideration is the absence as parties of Baldwin, trustee, and Baldwin, the creditor, under the trust from Skiles and wife to Baldwin, trustee. That instrument vested in the trustee legal title to the land. The decree and sale would not vest in the purchaser legal title, because it was outstanding in the trustee. It will not do to say, as is said in argument, that if the purchaser do not object to the sale on this score no one else can. He is not the only one interested in the procedure. Mrs. Skiles the debtor has right to demand regularity of proceeding, so that the property be not sold under such serious defect as the absence of the party holding the legal title, which would tend to produce sacrifice. Who would pay full price for a title so vitally imperfect? Without this trustee a party, the court acquires no control over the land to sell it. Under several decisions this must reverse the decree *Norris* v. *Bean*, 17 W. Va. 655; *Baker* v. *Oil Tract Co.* 7 W. Va. 454; *Bilmyer* v. *Sherman*, 23 W. Va. 657; *Smith* v. *Parsons*, 36 W. Va. 653 (11 S. E. Rep. 68); *Bensimer* v. *Fell*, 35 W. Va. 17 (12 S. E. Rep. 1078).

The creditor under said deed of trust is not a party.

But it is said that Turk's suit being one to enforce a purchase-money lien, it is not necessary to make any subsequent lienor, whether by judgment or deed of trust, a party, and we are cited to *Neeley* v. *Ruleys*, 26 W. Va. 686, and *Arnold* v. *Coburn*, 32 W. Va. 272 (9 S. E. Rep. 21). Generally, it is true that in such a suit it is not necessary to make them parties; but where special reasons exist it is otherwise, and such is the case here. While the vendor's lien is older than the Baldwin deed of trust, yet the then owner of that lien, Apperson, united in the deed of trust, and thereby, it is claimed, subordinated his lien to the lien created by the deed of trust, and thus made Balwin's debt under the trust prior to Apperson's vendor's lien. Clearly, to go on and sell would expose the purchaser under the decree to assault from Baldwin, claiming priority by reason of his deed of trust. Would not this serious cloud inevitably produce sacrifice of the appellant's property?

And then again, this deed of trust provides that the proceeds of sale under it shall go first to the Baldwin debt, and the balance to Mrs. Skiles. Does this release the vendor's lien? The money that would otherwise go to Apperson is by Apperson's deed directed to be paid to the debtor. Is the lien any longer existing against that debtor? If there is no longer a lien, the *corpus* could not be sold; if there is, it could be sold.

Again, does the deed of trust discharge the debt against Mrs. Skiles, or only the lien? If it discharge the lien only, and not the debt, her separate estate would be liable to the extent of rentals; otherwise not. Has not the appellant the right to have the creditor, Baldwin, present, that these matters may be conclusively settled and given rest? If we look at it only from the point of Baldwin's interest, we may say he is not injured, because he is not affected; but the very fact that the decree is void as to him (*McCoy* v. *Allen*, 16 W. Va. 725) renders it all the more important that he be a party, looking to the interest of Mrs. Skiles and the purchaser, because Baldwin may any moment assert a prior demand. Baldwin has an interest in the land as creditor. It is hardly necessary to cite many authorities to show it error to proceed without him. *Pup-*

*penheimer* v. *Roberts,* 24 W. Va. 702, and authorities cited by Judge WOOD. Even where it is uncertain whether a party has an interest in land to be sold, he ought to be made a party before sale. *Donahue* v. *Fackler* 21 W. Va. 124. In the absence of the trustee and beneficiary under said deed of trust we do not deem it proper to decide the merits as between said Baldwins and Turk and Mrs. Skiles.

Next, as to the purchaser's title. I think it clear that the title of William R. Tyree, as purchaser under the sale under the decree, must fall with the reversal of the decree, and that notwithstanding section 8, c. 132, of the Code, because of the want of the said trustee and creditor, the two Baldwins, as parties. We are referred to the case of *Gray* v. *Brignardello,* 1 Wall. 627, asserting the doctrine that a right acquired under a judicial sale, while the judgment or decree is in force, will be protected notwithstanding its reversal afterwards; that it is sufficient for the buyer to know that the court had jurisdiction; and that he has nothing to do with the court's errors. This doctrine has been long and uniformly asserted by the United States Supreme Court and generally elsewhere; but in Virginia it has not been recognized, and while the decisions are not settled, the leaning has been against the doctrine. See *Voorhees* v. *Bank,* 10 Pet. 449; opinions in *Zirkle* v. *McCue,* 26 Gratt. 528, and *Hull* v. *Hull,* 26 W. Va. 30.

It has always seemed to me that the doctrine of the United States Supreme Court sheltering the *bona fide* purchaser is just and according to the behests of sound public policy and principle; and, as I understand it, our Code section cited above has carried that doctrine into statute law. But that doctrine and the line of decisions applying it do not hold that, where essential parties holding or having vital interests in the cause and the subject sold are absent from the case, the purchaser is protected. There is then want of jurisdiction as to parties and subject acted on.

The decisions of this Court leave no room for question as to this point, and plainly show that the sale must be set aside in this case. The decision in *Underwood* v. *Pack,* 23 W. Va. 704, is that "a purchaser at a judicial sale is not protected by section 8 of chapter 132 of the Code when the

record shows that necessary parties interested in the property sold, having liens thereon, were not before the court when the sale was ordered and confirmed." In *Newcomb* v. *Brooks*, 16 W. Va. 77, it is said that this provision of the Code can not possibly transfer to the purchaser title vested in one not before the court. See *Capehart* v. *Dowery*, 10 W. Va. 142; opinion by Judge Woods in *Pappenheimer* v. *Roberts*, 24 W. Va. 712, and by Judge GREEN in *Hull* v. *Hull*, 26 W. Va. 30; *McNeel* v. *Auldridge*, 25 W. Va. 118.

There is a personal decree for the debt against Mrs. Skiles. There can not be a personal decree against a married woman. *White* v. *Manufacturing Co.*, 29 W. Va. 385, (1 S. E. Rep. 572). The decree provides that it shall "be levied of her separate estate, goods, and chattels." This does not cure the error. Shall an execution issue on it? Against what goods? The separate estate of a married woman can only be made liable for a debt by equity, and that only on the estate before the court—the particular property which is proceeded against.

A chancery suit of *Peter Beverage et al.* v. *J. R. Apperson et al.* was pending in said court, and the case in which this appeal was taken was heard on several occasions with it; but it has no such connection with this suit as to require more than mention. Therefore the decrees of the 18th of October, 1888, and 23d of October, 1889, and so much of the decree of 17th of June, 1890, as directs said property to be re-sold, and the decree of 21st of October, 1890, are reversed, and the sale of William Tyree is set aside and annulled, and the cause remanded to the Circuit Court, in order that proper new parties be made, and for further proceedings.