# CHARLESTON.

MINGO COUNTY BANK *et al. v.* RAWL COAL & COKE Co. *et al.*

Decided February 2, 1910.

Appeal from Circuit Court, Mingo County.

Suit by the Mingo County Bank and another against the Rawl Coal & Coke Company and others. From the decree Richard Williamson and wife appealed, and their appeal said defendant company moves to dismiss.

*Motion Denied.*

*Sanders & Crockett* and *Stokes & Bronson,* for appellants.

*Vinson & Thompson* and *Anderson, Strother & Hughes,* for appellees Rawl Coal & Coke Company and H. C. Jones.

POFFENBARGER, JUDGE:

The motion of the Rawl Coal & Coke Company to dismiss an appeal, allowed to Richard Williamson and wife, from a decree, pronounced by the circuit court of Mingo county, in the chancery suit of the Mingo County Bank and George C. R. Wiles, Trustee, against said Rawl Coal & Coke Company and others, instituted for the purpose of subjecting the property and assets of said company to the satisfaction of its debts, on the theory of its insolvency, presents questions so novel in character as to call for an opinion, showing the reasons for the disposition we make of it.

The decree appealed from ascertains and fixes the amounts

and priorities of the debts of the company and orders its property sold for the satisfaction thereof. One of the numerous claims is that of Williamson and wife for royalties accrued under a lease the company holds on their property. They claim something over $2,000.00, but the court allowed them only $1,630.84. Complaining of the disallowance of a part of their claim, and setting up, as additional errors the overruling of the demurrer to the bill, the allowance of a lien to the Norwalk Iron Works Company upon an air compressor, failure to decree sale of all of the property, uncertainty in the decree, adjudication of certain debts and liabilities against other defendants, and other things disclosed by the record but not specially assigned, the Williamsons obtained this appeal. The Rawl Coal & Coke Company, claiming to have obtained, in some way, sufficient funds to pay off and discharge all the debts decreed against it, moves to dismiss the appeal, asserting its intention and ability to satisfy, in the circuit court, all of its indebtedness on the dismissal of the appeal. Accompanying the motion is its confession of the error committed in its favor against the Williamsons, in respect to the amount of their claim, and a tender of the amount adjudged to them in the decree as well as the additional amount they claim and also all of the royalty that has accrued under the lease to the date of the motion. Simultaneously with the appellee, came R. N. Taylor and filed his petition, joining in the appeal of the Williamsons and setting up the errors alleged to have been committed against him.

We are of the opinion that the motion must be overruled. This Court has no administrative power and jurisdiction, beyond such as are necessary to the exercise of its appellate functions and the original jurisdiction allowed to it. It has no receiver, marshal or other custodian of funds. For this reason, the tender, in so far as it is made to the Court, or may be considered as an offer to pay in court the money, admitted to be due the appellant, must be declined. Having reached this conclusion, our inability to dismiss the appeal on the mere confession of error necessarily follows. A dismissal now would amount to a compulsory relinquishment by the appellants of a right vested in them to have the decree reviewed and corrected here. The appeal transferred the cause into this Court as to all matters included in the decree. Suppose we should dismiss

the appeal, and, for some reason, errors should not be confessed in the circuit court, after dismissal here, nor the money here tendered paid. In that event, the appellants would be either bound by the decree, as it stands, or compelled to institute a new proceeding of some sort for its correction.

We have also inquired as to our powers to correct and affirm the decree, or reverse it and remand the cause, on the confession of errors, in advance of the maturity of the cause in this Court for hearing. We are of the opinion that this could be done, if the confession reached all the errors assigned. The statutory provisions and court rules for the maturing and hearing of causes in this Court were made in contemplation of the continuance of the controversy in every cause and the resistance by the appellee or defendant in error of the contentions set up by the appellant or plaintiff in error. Their design is to secure a compulsory submission of the matters in controversy, while safeguarding, from haste and lack of due consideration, the interests of the appellee or defendant in error. This being their true purpose, it follows that, when the appellee or defendant in error ceases to resist the proceedings for correction of the decree or judgment and confesses all the errors and enters upon the record his willingness and consent to have the corrections made, he ought to be excused from liability for costs of further proceedings, such as clerk's fees and the printing of the record, as well as the burden of his own future counsel fees. This is a possible aspect of every case, not provided for by any statute. A rule formulated by the Court to cover it, would not be inconsistent with any of the statutory provisions, and the Court has inherent power to prescribe rules within the limitations of law. The object of all rules, whether statutory or not, is to facilitate and end litigation, not to prolong it. We are therefore of the opinion that, if the confessions of error were as broad as the petition for appeal, and admitted all the errors assigned, we could now correct and affirm the decree or reverse it and remand the cause to the circuit court for further proceedings.

We are also of the opinion that, notwithstanding the pendency of this appeal, the circuit court can permit the payment of the money here tendered and also the sums due to all the other creditors, as ascertained by the decree, and also any additional

sums claimed by creditors, and the costs of the suit, into the hands of its general receiver, or a special receiver in the cause appointed for the purpose, or having powers as receiver, broad enough to include the receipt of such money. If, in pursuance of the permission of the circuit court, such payment should be made, the controversy in this Court would be thereby ended and the appeal could be dismissed. Money is the end of the law, and after all that is claimed by the appellant is so placed within his reach, the controversy has substantially and practically ceased or become non-existent. Nothing remains but a dry legal question in which there is no substantial interest and the decision of which will settle no controversy further than to declare which party was technically right in a fruitless discussion of a purely academic question. This would bring the case within the long line of precedents for the dismissal of appeals and writs of error on the ground of the cessation or non-existence of any substantial controversy. We think the circuit court has jurisdiction to permit such payment, notwithstanding the pendency of the appeal, for the reason that it does not in any way affect the decree. It is not an enforcement of the decree. It is a new, separate and distinct collateral matter, brought into the case since the appeal. It is not to the prejudice of the appellant. It conserves and protects his interests, and may come within the principle under which, after an appeal, the trial court may appoint a receiver for the purpose of preserving the security of the creditor, or impounding the rents, issues and profits of the land, on a showing of inadequacy of security. Neither can it be considered prejudicial to the rights of the appellee. It is his voluntary act, neither prejudicial, nor affording ground for complaint.

The conclusions, just stated, are based upon the view that the appellant has neither a right to sell the property, when the debtor stands with money in hand offering to pay all that is claimed, nor to protract the litigation for the settlement of a mere legal question, and, for that purpose, keep the property tied up and beyond the control of its owner, merely because he has availed himself of a vested right of appeal.

A ground of resistance to the motion is the petition of Taylor, asking to be permitted to join in the appeal and the right of other creditors to do so hereafter. We think this right in other

parties, whose interests are not joint and are therefore separable, is conditional. They may take advantage of the appeal so long as it stands, but have no right to insist upon the perpetuation thereof against the will of the appellant or the right of the appellee to have it dismissed. We do not perceive any principle upon which one party can compel another to incur costs and liability for his benefit, be such other party appellant or appellee. If a third party desires to prosecute an appeal to final disposition, he must file his own petition and give his own bond and pay his own costs, when the appellant sees fit to dismiss his appeal or the appellee acquires the right to compel the dismissal thereof.

·We have thus broadly considered the question raised and others germane to it, because they relate to a matter of procedure, concerning which we ·have been unable to find any precedents, and in respect to which we deem it our duty to declare the governing principle for the guidance of the trial courts and the profession generally.

*Motion Denied.*

MILLER, JUDGE dissenting; BRANNON, JUDGE concurring herein :

I can not concur in the opinion of the Court. It is true the money tendered by the petition and motion of the defendant to dismiss is not actually filed therewith. We must assume, however, that the offer to pay is made in good faith, and that payment will be made if the court so order. I am of opinion therefore that in the proper exercise of its jurisdiction this Court may upon this motion, if the appellants will not receive the money claimed by them, either direct that it be paid into court to the credit of the cause, and for the use of appellants, and upon such payment to dismiss the appeal; or in the alternative to enter an order here authorizing the appellee to pay the money so tendered into the hands of the general receiver of the circuit court, for the use of appellants, and paid out there on the order of the circuit court, and in the meantime to suspend further proceedings on the appeal and the disposition of the motion to dismiss for such reasonable time ·as will enable the appellee to make such payment and comply with the order of the court, and thereupon to dismiss the appeal.

. What is to prevent this Court from adopting this practice? The cause so far as the matters involved in the appeal are concerned, is wholly transferred to this Court, and the circuit court is left without any authority or jurisdiction in the premises. Any action on its part affecting the rights of the parties to the appeal would be in violation of the appellate process, and we can conceive of cases where the practice prescribed by the opinion of the Court might lead to conflict and confusion. The proceedings in the circuit court can not be final, but only tentative, for the proceedings must necessarily require the final action of this Court thereon either by motion to dismiss, or upon a supplemental appeal.

The judicial decisions I have been able to find bearing on the question relate to cases where the status concurring after the appeal, justifying dismissal, has been brought about by the voluntary acts of the parties, as by settlement out of court, or by payment to some one authorized by law to receive payment. But certainly when an appellee comes confessing error, and proposes to do by voluntary act just what the appellant is seeking to accomplish by appeal and the appellant declines the offer, some practice should be adopted which will aid him in stopping further expense and litigation, and I think the practice indicated herein, and not that established by the opinion of the Court, the more logical, and the practice which should prevail.