## CHARLESTON

GEBHART v. SHRADER *et als.*

Submitted September 22, 1914.    Decided October 13, 1914.

1. VENDOR AND PURCHASER—*Suit to Enforce Vendor's Lien—Necessary Parties—Trustee in Subsequent Deed of Trust.*
    In a suit by a vendor to enforce his vendor's lien, it is error to decree a sale of the land without the presence, as a party, of the

trustee in a subsequent deed of trust, holding the legal title, and the title of the purchaser at a judicial sale made in such defective suit is not protected by such erroneous decree and confirmation to him. p. 165).

2. SAME—*Enforcement of Vendor's Lien—Defective Suit—Decree in Subsequent Suit.*

Where the vendor in such defective suit has purchased and had confirmed to him the land decreed to be sold, in a subsequent suit by him to perfect his title, foreclose the rights of the trust creditors, or resell the land to satisfy his lien, and impleading the trustee and trust creditors, the court should decree a resale of the land, or so much thereof as is covered by the deed of trust, in the interest of vendor and trust creditors, who, proceeded against by publication, have not appeared to make defense, and it is error to attempt to foreclose the rights of such trust creditors in any other way. (p. 165).

3. SAME—*Foreclosure of Vendor's Lien—Reopening of Case—Rights of Absent Trust Creditors.*

Where the court in such second suit by a vendor decrees otherwise, absent trust creditors, proceeded against by publication, and not having previously appeared or been served with process, may come in by petition under section 14, chapter 124, serial section 4750, Code 1913, and have the case re-opened, and be admitted to make defense, and by answer and prayer for relief have a proper decree of resale made so as to protect their interests. (p. 165).

4. APPEAL AND ERROR—*Scope of Review—Presentation Below—Right to Complain of Error.*

But on appeal by such trust creditors so proceeded against, from a decree denying them relief, parties defendant served with process or who appeared in the cause prior to the decrees of sale, confirmation and foreclosure, but made no defense, and who did not apply to the court below for relief, pursuant to sections 5 and 6, of chapter 134, Code 1913, within the time limited thereby, will not be heard to complain of supposed errors in such prior decrees, affecting property not covered by such deed of trust. (p. 165).

(ROBINSON, JUDGE, dissenting.)

Appeal from Circuit Court, Kanawha County.

Suit by Edward Gebhart against S. W. Shrader and others. From decree for plaintiff, defendant People's Bank of Jeannette appeals.

*Affirmed in part, Reversed in part, Remanded.*

*E. B. Dyer, Morgan Owen, J. F. Cork* and *J. W. Kennedy,* for appellant.

*Conley & Johnson, Brown, Jackson & Knight, R. G. Altizer, John L. Hechmer,* and *Mollohan, McClintic & Mathews,* for appellee.

MILLER, PRESIDENT:

Plaintiff having neglected in his first bill, brought to enforce the vendor's lien reserved in his deed, to implead The Kanawha Banking & Trust Company, trustee, in a subsequent deed of trust, and in whom the legal title to the land conveyed had become invested, and conceiving his title as purchaser under the decree pronounced in his first suit defective for this reason, filed the present bill, bringing in as defendants not only said trustee, but also the unknown bondholders secured by said trust deed, reciting the proceedings in his former suit, the supposed effect of the decrees and proceedings therein, and alleging his willingness to surrender all his right, title and interest acquired as purchaser therein upon payment of the balance of purchase money decreed him, and praying in the alternative either that said trustee or the bondholders secured thereby be required to redeem the land from him by paying him his purchase money within a reasonable limit to be fixed by decree, or to execute to him a release of said deed of trust; or if he should be mistaken as to his right to this relief, then that he might have his vendor's lien re-decreed him, and a resale of the land conveyed to satisfy the same, and for general relief.

To this second bill The Kanawha Banking & Trust Company, trustee, served with process, filed a formal answer, admitting certain facts alleged but denying its authority to represent the bondholders, proceeded against by publication, and alleging that it had no authority to redeem said land as decreed.

On the hearing on this bill and the pleadings filed, the court below, on May 27, 1909, decreed as follows: "And it appearing, that the lands in the bill mentioned, to-wit, the tract of 894½ acres subject to the exceptions set out in the deed for

same from the complainant to said S. W. Shrader, of July 17, 1905, had under the vendor's lien in said deed been duly sold and conveyed to the complainant under apt and proper proceedings in this court against said S. W. Shrader and others, except that said trustee was not made party; wherefore, it is now proper that the said trustee and the beneficiaries of said trust should have opportunity to redeem from said sale, if they shall be so advised, by paying off said vendor's lien, or be precluded forever from assertion of right under said trust deed against said land, it is adjudged, ordered and decreed that said trustee and beneficiaries do within fifteen days from this date appear here and redeem said property from said sale or show cause, if any they can, why a decree of absolute foreclosure shall not be entered discharging said property from incumbrance or cloud because of said deed of trust, and quieting the complainant's title in the premises; and it is further ordered that a copy of this decree shall be served upon said trustee on behalf of itself as such, and of the beneficiaries under said deed of trust as their representative as aforesaid, in the premises, which service upon said trustee shall be sufficient both as to time, parties and manner of service.''

Following this decree the court on June 15, 1909, after reciting the failure of the defendants to appear, or show cause why an absolute foreclosure should not be adjudged against said deed of trust, being of opinion that the plaintiff was entitled to have his title quieted as prayed for, further decreed ''that the said plaintiff do have and hold said tract of land freed and discharged from any claim or lien by reason of the said deed of trust or encumbrance on account thereof, and that said trustee and said bond holders be forever barred from enforcing same against said land.'' And further, ''that said Kanawha Banking and Trust Company, as such trustee and for and on behalf of any and all persons, if any, interested in the bonds so secured, do execute an apt and proper release or discharge of said lands from said apparent or other lien on account of said trust. And upon default of said Trust Company executing such release and discharge, within ten days from this date, then that J. F. Cork, who is

hereby appointed a special commissioner ' for that purpose, do execute on behalf of said trustee, and beneficiaries, such release and discharge and acknowledge and deliver the same for record.''

Proceeding according to section 14, chapter 124, serial section 4750, Code 1913, the appellant, The Peoples National Bank of Jeannette, Pennsylvania, owner and holder of five of the bonds of one thousand dollars each, secured by said trust deed, and of the class, unknown bondholders, made de-. fendants to said bill, not served with process and not having previously appeared, on February 21, 1911, and within the two years limitation prescribed by said statute, presented its petition to have the proceeding in said suit reheard as provided thereby. And thereupon said cause was re-opened and petitioner was admitted to make defense thereto, and thereupon filed its demurrer and answer, and its demurrer being overruled, issue was joined on said answer. After admitting certain allegations of the bill, not materially affecting its rights, other pertinent allegations of the answer are, that respondent was at the time of the institution of plaintiff's original suit and also at the time of the filing of his second bill and reply, the owner of five of said bonds aggregating five thousand dollars, and exhibited said bonds therewith, and denying that at the time of the institution of said first suit S. W. Shrader was the owner and holder of said five bonds. It also alleges that said bonds constitute a good, legal and valid lien on the land described in said deed of trust, and that its interests and rights with respect to said bonds were in no way precluded or affected by the decree entered in either of said causes, and that it is entitled to subject said real estate to the payment of said bonds, and it charges that said decree of June 15, 1909, is irregular, erroneous and absolutely null and void as to its rights in the premises and as to the bonds so owned and held by it. It alleges that it had no notice or knowledge of the pendency of said last mentioned cause until long after the entry of the decree last aforesaid, decreeing plaintiff entitled to hold said land freed and discharged from the lien of said deed of trust, and that said trustee execute an apt and proper release and dis-

charge of said lands therefrom. It is also alleged that said Gebhart and his attorney well knew of the existence of said deed of trust at the time of the institution of his first suit, and that the bonds secured thereby, five of which were so owned and held by respondent, had not been paid or discharged. It further alleges that the land purchased by plaintiff in said original suit for $8,000.00, was and still is reasonably worth $40,000.00, and that the sale and purchase thereof by him at the inadequate sum of $8,000.00, constituted a fraud upon the rights of respondent in the premises. It also alleges that no part of said five bonds has been paid, that the whole amount thereof has become due and payable, and that respondent is entitled to enforce collection thereof against the real estate mentioned and described in said deed of trust, according to the terms thereof, and the prayer is that the decree of June 15, 1909, be declared null and void and of no effect, and for general relief.

On final hearing, on June 14, 1913, on pleadings and proofs, the decree appealed from adjudged and decreed the decree of foreclosure, pronounced on June 15, 1909, to be valid, and that the matters set up in the petition and answer of appellant constituted no defense to plaintiff's bill, and furnished no ground for setting aside, vacating or modifying said former decree, and that respondent and appellant was not entitled to any relief prayed for in its said petition or answer, and that the said decree be and the same was thereby confirmed so far as appellant was concerned, and that plaintiff recover of respondent his costs.

On the original hearing here, and now on rehearing, numerous legal propositions have been advanced and elaborated in briefs and oral arguments of counsel, involving among others, the nature of a vendor's lien reserved in a deed, whether the deed passes the title absolutely or only conditionally, and whether such lien is equivalent to a mortgage by the vendee back to the vendor, and whether a trustee in a subsequent deed of trust takes more than the equity of redemption, and as to what title or interest, if any, the purchaser at a judicial sale in the suit of vendor to enforce his vendor's lien, without the presence as a party of the trustee in the deed of trust,

will take under the decree of sale and confirmation, as to whether a decree pronounced in such suit without the presence of such trustee is absolutely void or merely erroneous and voidable.    Other questions are presented on this hearing which will have our attention.

According to our view of the case and of the rules and principles controlling our decision we deem it unnecessary to go into any discussion of these technical questions.   It is well settled by our decisions that while it is unnecessary in a vendor's suit to make creditors in a subsequent deed of trust parties to the suit, unless some special reason exists therefor, nevertheless because of the outstanding legal title in the trustee he is an indispensable party to such vendor's suit, and without his presence the court acquires no control over the land to sell it.   *Turk* v. *Skiles*, 38 W. Va. 404, and cases cited; *Arnold* v. *Coburn*, 32 W. Va. 272; *Bilmyer* v. *Sherman*, 23 W. Va. 656.   The purpose of a suit to enforce a vendor's lien, according to our decisions, is to obtain jurisdiction of the legal title, to sell it, and to pass it on to the purchaser.   Without control of the legal title property sold at a legal sale would likely be sacrificed.

Plaintiff's second bill, now before us, practically concedes that he did not acquire the legal title to the land covered by the deed of trust under the decree of sale and confirmation in his first suit.   Our decisions cited we think are conclusive of the proposition, that without the presence of the trustee in a subsequent deed of trust, the court acquires no jurisdiction to dispose of the title.   Using the language of Judge BRANNON in *Turk* v. *Skiles, supra*, "Who would pay full price for a title so vitally imperfect?   Without this trustee a party, the court acquires no control over the land to sell it." So that the absence of the trustee holding the legal title deprives the court of jurisdiction over it, and whatever interest, if any, the purchaser in a vendor's suit, without the presence of such trustee, acquires thereby he clearly does not take the legal title.

Upon the allegations of plaintiff's second bill and the alternative relief prayed for, what then were his legal rights? Clearly the bondholders secured by the deed of trust are

entitled to have the land covered thereby sold with the legal
title before the court, so that, under the rule of our decisions,
the best price may be obtained, but by the decree appealed
from they were denied all relief except upon terms of re-
deeming not only the coal and surface land covered by said
trust, but all the land covered by the vendor's lien by pay-
ing the purchase money. But this was not the limitation of
their right. They have the right, to have the land covered
by the trust sold under proper conditions and circumstances,
and in accordance with legal rules and principles, and to
take the surplus, if any, from the proceeds of the sale, and
being impleaded by plaintiff in his second bill, and appellant
in answer having prayed for relief, and for an adjudication
of its debt, and a sale of the property, the court could not
impose upon it a mere right of redemption from the pur-
chaser, and without a resale of the property foreclose its right
to a decree executing the deed of trust, and it seems to us
that the allegations of appellant's answer show good cause
against the alternative relief decreed on the bill. Plaintiff
chose to make the unknown bondholders parties to his suit
along with the trustee, and if appellant had not thus been
made a party it would have had the right under *Arnold* v.
*Coburn, supra,* to come in and be made a party, have its
rights decreed, and its lien enforced, not only against the
other lands conveyed by the trust, but also in respect to the
surplus in the land covered by the trust deed. This was dis-
tinctly ruled in the Arnold Case, in an opinion delivered by
Judge SNYDER. Having come in after decree, pursuant to
said section 14, chapter 124, Code 1913, and admitted to make
defense, appellant had the same rights to a decree of resale,
and to the same relief, which the court would have been bound
to decree it if it had been served with process and had made
its appearance before the alleged decree of foreclosure.

As a suit to get in the legal title not before the court and
to resell the land, in accordance with the decisions cited, we
think the plaintiff's bill was well founded. In 2 Jones on
Mortgages, (6th ed.) section 1395, that writer says: "If
necessary parties have been omitted, so that the foreclosure
is void, the holder of the mortgage may generally maintain

a second action to foreclose." And in the same connection 2 Jones says: "If in such case the prior mortgagee himself purchases at the sale, he becomes merely a mortgagee in possession." And in *Brackett* v. *Banegas,* (Cal.) 58 Am. St. Rep. 164, 165, following 2 Jones on Mortgages, section 1679, a similar rule of practice is made applicable if through mistake the owner of the equity has not been made a party, but this decision says, quoting the same author, that in that class of cases the courts have allowed the original suit to be reinstated upon an amended petition even after an interval of several years. See, also, *Vanderkemp* v. *Shelton,* 11 Paige 28; *Jordan* v. *Sayre,* 24 Fla. 1. In the latter case the 5th point of the syllabus is as follows: "A purchase by the owner of a mortgage at a sale under a foreclosure proceeding to which the person owning at the institution of the suit the legal title of the land mortgaged was not a party, does not prevent or bar a subsequent foreclosure suit to which the person who may own the legal title at the institution of the latter suit, is made a party." See, also, *Hatch* v. *Calvert,* 15 W. Va. 90.

But now, on a rehearing ordered on his petition, plaintiff announces withdrawal of his proposal, not accepted, made in his second bill, because of changed conditions of the property, to accept his purchase money and release his rights as vendor and purchaser, and his election to take the title acquired by him under the decrees and proceedings in his first and second bills, to so much of the land and property sold and purchased by him as was not covered by said deed of trust, and shows to the court by affidavit and other proof that he has in fact made and delivered to The Kanawha Banking & Trust Company, trustee, a release of his vendor's lien, and of all rights acquired or sought to be acquired under said former decrees, to the coal and surface rights covered by said trust, and moves the court to dismiss this appeal as no longer presenting other than moot questions.

This motion is resisted not only by the appellant bank, but by John and S. W. Shrader and the Southern Coal & Coke Company, who now for the first time, either in the court below or in this court, have appeared here and by briefs of

counsel proposed to cross-assign error in the decree appealed from.  The sole effect of that decree was to deny appellant right to defend against said former decrees, in so far of course, as they affected appellant's rights as bondholder and the property covered by said deed of trust.  Appellant had no further right to a rehearing of those decrees.

Counsel for the Southern Coal & Coke Company and the Shraders say, however, that the original decree of sale was a consent decree as to John Shrader. He was not served with process, but signed the decree by counsel consenting to its entry.  That decree, however, was not changed and no change is proposed in any way affecting his interests. But say it was changed in the particular referred to, namely, that the property was sold for less than $12,000.00 cash, one of the terms of sale, that would not make the decree of confirmation void, but simply voidable for error, and correctible only on appeal, or by some other proceeding taken in time by him.

Should Gebhart's motion to dismiss prevail?  We think not.  The evidence on this motion tends to show deeds, deeds of trust, leases, judgments, etc., affecting the property since his purchase, and though he has attempted to show release and satisfaction thereof, the validity of some of them has been challenged, and thus rendering it improper in our opinion to dispose of these questions here.  A case is not presented for the application of the rule enunciated in *Mingo County Bank* v. *Rawl Coal & Coke Co.*, 67 W. Va. 9, 66 S. E. 1070. The motion will therefore be denied.

What disposition then shall we make of the cause?  As Gebhart has released, or attempted to do so, his vendor's lien and rights to the property covered by said deed of trust, the sufficiency of which we do not undertake to decide, and proposes to take the property sold and purchased by him not covered by said trust at the purchase price, appellant has no further right as against him to defend against the decree, for its rights are in no way involved therein.  As to all the property sold which was not covered by the deed of trust the legal and equitable title were before the court, and the court had jurisdiction and right to decree its sale, and if the pur-

chaser is now willing to accept that property without abatement of purchase money, who has the right to complain? No one not concluded by the decree.

But it is contended on behalf of appellant, the Shraders, and the Southern Coal & Coke Company, that as the answer and defense set up by appellant goes back into the original decrees of sale and confirmation, under which Gebhart attempted to acquire title to the property, and withdraws from the effect thereof the coal and surface right segregated by Shrader in his deed to the coal company and covered by the deed of trust upon which appellant's rights depend, appellant's appeal from the decree below denying it the relief prayed for brings up for review and correction all errors originating in any of the prior decrees, and this whether appellant was interested therein or not.

We do not think this a correct legal proposition. On the former hearing, as the case was then presented, we had concluded to reverse the decree, set aside the sale to Gebhart in toto. and to direct that in any future sale the property covered by the vendor's lien be sold in the inverse order. of its alienation, agreeably to the rule of *Clark* v. *Timber Co.,* 70 W. Va. 312. But the case is now presented in a new light. If our former decree had stood and been executed it would have required that the property not covered by the appellant's deed of trust, being the last aliened, be first sold and the proceeds applied first to the discharge of Gebhart's vendor's lien. As Gebhart now proposes to take that property at the purchase price and release that covered by the deed of trust the result is substantially the same to appellant as if our former decree had stood and been carried into execution.

It must be remembered that appellant proceeded as an unknown party or defendant, pursuant to said section 14, chapter 124, serial section 4750. Code 1913, to have the former decrees reheard in the manner and form provided by section 25, chapter 106, of the Code. This law says the proceeding shall be according to that section "and not otherwise." Said section 25, provides, that on petition to have such proceedings reheard, "such defendant shall be admitted to make defense against such judgment or decree." Properly con-

strued we think such defense is necessarily limited to such
defense as the absent defendant would have. had the right to
make if he had appeared in the first instance.   Certainly his
proceeding and defense could not open up the cause anew for
those parties served with process and concluded or estopped
by the judgment or decree not void.   The rights of such par-
ties are protected not by said section 14, of chapter 124, but
by sections 5 and 6, of chapter 134, serial section 4979 and
4980, Code 1913.   A motion to reverse a decree by default,
under those sections, as was said in *Slingluff* v. *Gainer,* 49
W. Va. 7, 13, takes the place of an appeal and by analogy to
an appeal should specify errors; while the proceeding by
an unknown or absent defendant, pursuant to chapter 124,
lets the petitioner in to make defense, but his defense will
certainly not open up the whole case to parties served with
process or appearing and concluded by the decree.

How far then may the Shraders and the Southern Coal &
Coke Company be heard on this appeal?   We think they
must at least be limited as appellant itself is limited, and to
the extent that their interests are involved and equally affect-
ed by the decree.   *White* v. *White,* 66 W. Va. 79, and cases
cited.   The court has no jurisdiction on appeal to entertain
the Shraders and the Coal Company, as to any other interests,
until they have pursued the remedies provided by chapter
134.   *Smith, Ex'or.* v. *Powell,* 98 Va. 431; *Morrison* v. *Leach,*
55 W. Va. 126.   As is said in *Allen & Co.* v. *Maxwell,* 56 W.
Va. 227: ''Where several co-plaintiffs or defendants stand
upon distinct and unconnected grounds, when their rights
are separate and not equally affected by the same decree, the
appeal of one does not bring up for adjudication the rights
or claims of the others.''   The limitation of the statute would
now bar the Shraders and the Coal Company from any pro-
ceeding under chapter 134; but this fact cannot enlarge
their rights to be heard on appeal from the decree now under
review.   If the Shraders or Coal Company are the holders
of any bonds secured by the deed of trust it may be, in view
of the release by Gebhart of his vendor's lien on the prop-
erty covered by the deed of trust, that their rights as such
can be protected on reversal of the decree appealed from,

but we do not decide that question. We do not know that they hold any bonds. They have not in any way appeared as bondholders.

Upon these considerations we are of opinion to reverse the decree appealed from in so far and in so far only as it debars appellant, as bondholder, and others similarly situated, and not otherwise concluded or estopped by decrees herein, from having their rights as such ascertained and decreed, and from enforcing the lien of said deed of trust on the property covered thereby, and remand the cause for further proceedings to be had therein according to the principles enunciated herein, and further according to rules governing courts of equity. In all other respects the decree will stand affirmed.

*Affirmed in part. Reversed in part. Remanded.*