# CHARLESTON.

MATT STEPIC v. ANNIE STEPIC

(No. 5874)

Submitted September 7, 1927.   Decided September 13, 1927.

DIVORCE—*Divorce Decree for Plaintiff Before Filing Non-resident Defendant's Petition to Have Proceedings Reheard Does Not Shift Burden of Proof to Defendant (Code, c. 106, § 25; 124, § 41).*

Where a non-resident defendant in a divorce suit, proceeded against by notice of publication, has filed her petition to have the proceedings reheard in the manner and form provided by Sec. 14, Chap. 124, Code, and in her petition so filed has fully denied the material allegations for relief charged in plaintiff's bill, and the parties have taken their evidence on the issue thus raised, the burden of proof is not shifted from plaintiff to defendant upon the issue, simply because a decree has been entered in favor of plaintiff before the petition was filed.

(Divorce, 19 C. J. § 408 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Brooke County.

Suit by Matt Stepic against Annie Stepic for divorce. From a decree dismissing defendant's petition in rehearing

after plaintiff had obtained a divorce a vinculo, defendant appeals.

*Decree reversed; cause remanded.*

*Ramsay & Wilkin,* for appellant.
*R. C. Wilkin,* for appellee.

LIVELY, JUDGE:

Annie Stepic appeals from a decree of the Circuit Court of Brooke County dismissing her petition in the rehearing of an action in which her husband, Matt Stepic, obtained a divorce *a vinculo* on the ground of desertion.

In the divorce proceeding, the defendant, a non-resident of this state, made no appearance, and service was had by order of publication. The divorce was granted upon the evidence of Matt Stepic and two police officers of Wellsburg, the town in which the plaintiff and defendant had last cohabited as man and wife.

The plaintiff's testimony was to the effect that he and the defendant had been married in Austria many years ago; that he had immigrated to the United States in 1901, had become a citizen of this country, and had been working here as a stone mason, brick layer and stone cutter; that he had four children, all of whom were married; that he had provided for the support of his wife in Austria until 1921, when he furnished her transportation to America, where they lived for about nine months in a home owned by him in Wellsburg, West Virginia; that everything was serene until his wife got in with some people in Steubenville, Ohio, who were engaged in making moonshine and selling it; that she left plaintiff in August, 1922. He further said that defendant had made threats to kill him, and that on one occasion when she had threatened his life with a butcher knife, he had called in the police.

Watkins, a former police chief of Wellsburg, corroborated plaintiff's testimony in part as to the knife episode, although he was unable to understand the defendant very well, because of her foreign language, and because on that occasion she seemed to be highly excited and hysterical. Mahew, a police

officer, testified that at another time he had been called to the plaintiff's home, and had found defendant looking for her husband and making threats to kill him. The two officers were of the opinion that the plaintiff was a sober and industrious man and a good provider.

Upon this evidence, the court granted plaintiff a divorce *a vinculo,* on December 21, 1925. A month or so thereafter, defendant filed a petition for a rehearing of the case in the manner and form prescribed by Sec. 14, Chap. 124, Code. In her petition the defendant alleged that she had not been served with process and had no knowledge of the granting of the divorce, until January, 1926; that the plaintiff had deserted her, and had refused to provide for her support; that she had not deserted the plaintiff and was willing to live with him; that the parties had entered into a separation agreement in 1922 (a copy of which was filed with her petition), whereby plaintiff had agreed to pay defendant $25.00 a month for her support and maintenance, but had failed to pay this sum after the divorce decree had been entered. The defendant prayed that a rehearing be granted; that the decree theretofore entered be annulled, and that plaintiff be required to carry out the separation agreement as alimony. The circuit court granted the rehearing.

Upon the rehearing, defendant testified that she had never threatened the plaintiff's life; that she had always been a dutiful wife; that plaintiff had tired of her and had treated her with marked unfairness and cruelty, and had beat and cursed her; that on one occasion he threatened to stab her with a butcher knife; that he was enamored of another woman, and that he left his home and spent a large part of his time with his paramour; that plaintiff had shut off the gas and electricity so that she was unable to live in their home; that he had failed to provide her with money to buy clothes; that at the time the officer had come to their home at the plaintiff's solicitation, she and the plaintiff were engaged in a quarrel which had arisen because plaintiff refused to let her sleep in her bed-room; that she had not on that or any other occasion threatened to kill plaintiff. The testimony of defendant was corroborated in many particu-

lars by the evidence of two of her children.  The defendant has been living with a son in Steubenville, since her separation from the plaintiff.

On the rehearing the plaintiff's evidence was quite similar to his former testimony.  In addition, he denied that he had ever treated the defendant unfairly or cruelly; and denied that he had ever struck or threatened to kill her.  He further said that defendant had threatened to poison him; that she had also threatened to burn his house; that the reason he had refused to cohabit with her as man and wife was because he was physically unable to do so by reason of illness.  He admitted that he had signed the separation agreement and that it was prepared by his lawyer.  The testimony of Watkins, the former police officer, was similar to that given by him on the original hearing.  Additional witnesses were produced by plaintiff to testify as to his good character and reliability.

The trial court, after hearing all the evidence, held that inasmuch as the burden of proof on the rehearing was upon the defendant to prove that she had not deserted her husband, and as the evidence introduced upon the rehearing was of such a conflicting nature as to make it impossible to render a decree thereon, the original decree must prevail and defendant's petition must be dismissed.

Under Section 14 of Chapter 124, Code, governing rehearings in cases of non-personal service in the state, a nonresident may file his petition to have the proceedings reheard in the manner and form prescribed by Section 25, Chapter 106, Code, and not otherwise.  Section 25, Chapter 106, Code, provides that a non-resident defendant proceeded against by order of publication, if he acts within the time prescribed, and gives security for costs, shall be admitted to make such a *defense as the absent defendant would have the right to make if he had appeared in the first instance.  Gebhart* v. *Shrader,* 75 W. Va. 159, 170.  In a suit for divorce on the ground of willful abandonment and desertion, the burden of proof is upon the plaintiff to show that the defendant left without justifiable cause.  *Crouch* v. *Crouch,* 78 W. Va. 708; and therefore, as *in the first instance* it does not devolve upon a defendant to establish that he has not deserted the plain-

tiff, it is difficult to perceive how under the terms of the statute and decisions construing it, the burden of proof could be shifted to a defendant on a rehearing directed to be given by the statute.

When this question of law is thus determined, it becomes apparent that the action of the lower court must be reversed, because we agree with the learned circuit judge that the evidence introduced on the rehearing was so conflicting as to make it impossible to render a decree thereon in favor of plaintiff, on the charge of desertion by the wife. The court should have set aside the divorce decree of Dec. 21, 1925, and disposed of the case on the pleadings, and evidence on the rehearing. The decree dismissing the petition in effect gives to the divorce decree life and vigor. This is a result contrary to the finding of the chancellor from the evidence on the petition.

The wife has asked for alimony as affirmative relief. If the husband abandoned her as contended by her, she would be entitled to alimony, if the financial condition and ability of the husband warrants it. *Huff* v. *Huff*, 73 W. Va. 330; *Lang* v. *Lang*, 70 W. Va. 205. On this point the trial court has not acted. The decree of March 23, 1926, dismissing defendant's petition, will be set aside and annulled, her petition reinstated, and the cause remanded.

*Decree reversed; cause remanded.*