B. E. ANDRE *et al. v.* CHARLES W. CALDWELL

(No. 8556)

Submitted April 28, 1937. Decided May 25, 1937.

FOX, JUDGE, absent.

*Harry E. Penhale* and *J. Howard Hundley,* for appellants.

*Campbell, McClintic & James* and *Charles W. Caldwell,* for appellee.

690

RILEY, JUDGE:

This suit was brought in 1936 by B. E. Andre, J. Howard Hundley, trustee, and James Wilson, administrator of the estate of Fred Wilson, deceased, for the purpose of having a certain deed executed in 1935 by William T. Lively, special receiver, to defendant, Charles W. Caldwell, set aside as a cloud on title. The plaintiffs appeal from a decree dismissing their bill, and cancelling a deed (1934) by Hundley, trustee, to Andre, as a cloud upon defendant's title, under a prayer in the latter's answer for affirmative relief.

On April 26, 1930, the Lockwood Corporation, theretofore created under the laws of the State of West Virginia, purchased 33.18 acres of real estate from Parsons Realty Company and Fred Wilson. Contemporaneously therewith said grantee conveyed the land to Hundley, trustee, in trust to secure six promissory notes in the amount of $1,000.00 each, payable to the order of Fred Wilson, the said six notes representing the deferred purchase price. Thereafter, the Lockwood Corporation failed to pay the corporate license tax for the year 1931, and was included with similar delinquent corporations in an equity suit (Code 1931, 11-12-77) commenced January 20, 1932, by the State of West Virginia, preparatory to the collection of such delinquent taxes. A decretal judgment in said suit was entered against the Lockwood Corporation on May 27, 1932. The amount of judgment not having been paid, the corporation's charter rights were that day decreed forfeited, and William T. Lively was appointed as special receiver to take into his possession its property and assets.

Nothing further, so far as the record discloses, was done in this suit until September 23, 1935.

On the last-mentioned date, the receiver, who had never taken active possession of the aforesaid real estate, reported that he had not been able to discover any property or assets or anything of value belonging to said corporation, except the 33.18 acres; that the corporation was formed for purpose of developing same, and the fact that it had allowed its charter rights to be forfeited was evi-

dence of the fact that the same was of no great value; that the real estate should be immediately sold, either at public or private sale; that he had an offer, of even date, covering the amount of the judgment and costs of the suit, to-wit, $125.00, which he believes to be a good price; and that since the party making the offer agrees to purchase subject to a certain trust lien and taxes, the beneficiaries and parties to such trust are not made parties to the suit. An order was entered, which, after reciting that it appeared from evidence taken at bar of the court that the property was worth less than five hundred dollars, decreed that unless the corporation on that day pay all of said lien creditors the amount of liens theretofore fixed, the special receiver is authorized and directed to make sale to the highest bidder. Sale was then made to Caldwell, on the proposed terms, the same approved, and the execution of a deed directed. The deed, without mentioning the understanding, grants "all the right, title and interest in and to", etc. The deed and the receiver's report of disbursements of purchase money, were on the same day confirmed, and the cause removed from the docket as to Lockwood Corporation.

It appears that on January 27, 1934, Hundley, trustee, after serving notice on the president of the Lockwood Corporation, had proceeded to make sale of the real estate in question, under the terms of the deed of trust, of April 26, 1930, B. E. Andre becoming the purchaser. Andre did not record his deed until after the execution of the special receiver's deed to Caldwell.

The bill avers, among other things, the failure to make J. Howard Hundley, trustee, and Fred Wilson, *cestui*, under deed of trust of 1930, parties to the suit, and the consequent absence of legal title before the court at the time of the purported and attempted conveyance of the 33.18 acres to defendant Caldwell; the fact that the deed of the special receiver did not conform to the terms set out in the report of the receiver and the order of the court, in that the purchaser on the face of said deed did not assume payment of the lien mentioned in this offer to purchase; and the further fact that Caldwell is

threatening to enter into possession of the premises, and to interfere with the tenants of Andre, and to oust the latter of the rightful possession to which he is entitled under his deed from Hundley, trustee.

The answer, contrary to the offer of purchase, is drawn on the theory that the corporate license tax is a lien on all the property of the corporation and prior to deeds of trust which had been executed before the said tax, for any particular year, had attached; that the property being of little value, private sale was proper; that there being no proceeds over and above the tax and costs, Andre had no right to complain; and, therefore, that the latter's deed should be cancelled as a cloud. To the foregoing the plaintiffs filed a written reply and replication.

The trial court adopted the theory of the defendant, and entered the decree complained of.

Although the appellants challenge the correctness of the court's finding that the license tax lien took precedence over the deed of trust lien, we are confronted initially with the question of whether the court was warranted in decreeing sale of the property in the state's suit without making the trustee or *cestui que* trust parties.

The State chose to proceed in the equity suit, rather than under Code 1931, 14-1-1, *et seq.*, to collect its judgment. Had it chosen the latter method it would have been necessary, in any event, to have given notice of the sale of the real estate for three successive weeks in some newspaper in the county. So far as we observe, the applicable sections of Code 1931, Chapter 11, Article 12, make no change in that procedure in reference to sales of real estate. The statute merely provides that the chancellor "may * * * order its (corporation's) assets marshalled and distributed among its creditors."

By impleading the corporation, only such interest as it had in real and personal property was brought before the court. The legal title at the time the tax attached was outstanding in J. Howard Hundley, trustee, for the benefit of Fred Wilson. So, before the court could decree sale of such realty; it would be necessary to make the

trustee a party defendant. *Tompkins* v. *Kyle,* 95 W. Va. 584, 592, 122 S. E. 150, 153; *Turk* v. *Skiles,* 38 W. Va. 404, 18 S. E. 561; *Gebhart* v. *Shrader,* 75 W. Va. 159, 83 S. E. 925.

In the body of the opinion in *Gebhart* v. *Shrader,* 75 W. Va. 159, 165, 83 S. E. 925, 927, the court, speaking through Judge Miller, says: "Our decisions cited we think are conclusive of the proposition, that without the presence of the trustee in a subsequent deed of trust, the court acquires no jurisdiction to dispose of the title. Using the language of Judge Brannon in *Turk* v. *Skiles, supra,* 'Who would pay full price for a title so vitally imperfect? Without this trustee a party, the court acquires no control over the land to sell it.' So that the absence of the trustee holding the legal title deprives the court of jurisdiction over it, and whatever interest, if any, the purchaser in a vendor's suit, without the presence of such trustee, acquires thereby he clearly does not take the legal title."

We see no merit in the contention that Hundley, trustee, proceeded to foreclose under deed of trust without permission of the court. So far as the record shows he had no knowledge of the forfeiture of the corporation's charter. The averment that notice of sale under the trust deed was served on the president is not denied. It was due to the failure on the part of the plaintiff in the receivership suit to make Hundley, trustee, a party thereto that the latter did not seek permission of the court. Hundley, trustee, likewise had no knowledge of the appointment of the receiver. If he had been promptly impleaded after such appointment, he undoubtedly would have sought permission before making sale under the trust. Under the circumstances we do not think that his failure to obtain permission vitiates the sale. Likewise, we are of opinion that there is no merit in the contention that, at the time of the sale by the receiver, the trustee did not have title, and the *cestui* had been satisfied through foreclosure. Andre had not recorded his deed, therefore, so far as record title was concerned, it was still outstanding in the trustee.

Inasmuch as a judicial sale concludes and passes the interest only of the parties to the proceedings to sell, it follows that every person who has any right, title or interest in the property to be sold should be made a party. Some party having title was necessary to confer jurisdiction over the subject matter in the court. Since it appears that title was not before the court, the deed executed therein must be set aside as a cloud on the plaintiffs' title.

The decree of the circuit court directing sale of the property, and all subsequent actions of the special receiver, and all orders, purporting to invest Charles W. Caldwell with title to the real estate in question, are hereby set aside, reversed and annulled.

*Reversed and entered.*